CHARLES S. MORTON, appellant *v.* GIDEON S. BAILEY, and JULIA BAILEY, his wife, administratrix of James J. Jones, deceased, appellees.

*Appeal from Coles.*

A defendant is not bound to set off his debt against the plaintiff's demand, except in suits before a justice of the peace.

An administrator is not bound upon the exhibition by a creditor of his claim against the estate of the intestate, to set off any debt or demand such estate may have against such creditor; and his failing to do so will not bar such debt or demand.

A defendant by suffering judgment to go by default, is out of Court, and has no right to except to testimony. He is, however, permitted to cross-examine the witnesses, but he cannot introduce testimony, or make a defence to the action. Should improper testimony or wrong instructions be given, the proper course is to apply to the Court to set aside the inquisition, and grant a new inquest.

The remedy given by statute, to collect fees by making out a fee bill and delivering it to an officer, is a cumulative remedy, but it does not take away the common law remedy by suit.

THIS cause was tried at the November special term of the Coles Circuit Court, 1835, before the Hon. Alex. F. Grant, and

(1) R. L. 349; Gale's Stat. 343.

a judgment rendered against Morton for $84,55 and costs, from which he appealed to this Court.

J. PEARSON, for the appellant.

O. B. FICKLIN, for the appellees.

LOCKWOOD, Justice, delivered the opinion of the Court:

This was an action of *assumpsit* commenced in the Circuit Court of Coles county, by Bailey and wife, in her right as administratrix of Jones, deceased, against Morton. The declaration contains several counts. The defendant pleaded in bar of the suit, that after Mrs. Bailey was appointed administratrix, he, said Morton, exhibited before the Judge of Probate of Coles county, in pursuance of notice given by said administratrix, his claim against the estate of said Jones, consisting of charges for work and labor done and performed, goods sold, money lent and had and received by said Jones in his life-time,—that the Judge of Probate gave judgment for Morton on the amount or claim thus exhibited; and that plaintiffs below might have set off the demands mentioned in the declaration against the claim thus exhibited by Morton, but the plaintiffs neglected to make such set-off, whereby the plaintiffs are barred, &c.

To this plea the plaintiffs demurred, and the Court sustained the demurrer. The defendant not farther answering, judgment was given by default, and a jury called and sworn to enquire of damages. On the taking of the inquest in the Circuit Court, the defendant excepted to several portions of the testimony offered by the plaintiffs.

Two questions are presented for the consideration of this Court, to wit, 1. Was the administratrix barred by the proceedings before the Judge of Probate? and 2. Can the defendant on the taking of an inquest by default, except to the opinion of the Court in receiving or rejecting testimony?

At common law a defendant could not set off his demand against the plaintiff's debt, and our statute of set-off is permissive, but not compulsory. According, then, to the general law of the land, a party defendant is not bound to set off his debt against the plaintiff's demand, except in suits before a justice of the peace. Is there any provision in the "*Act relative to Wills and Testaments, Executors and Administrators, and the Settlement of Estates,*" and the several acts amendatory thereof, requiring administrators, upon the exhibition by a creditor of his claim against the estate, to set off any debt or demand such estate may have against such creditor? The Court have looked in vain for any such provision in the acts above enumerated, and are accordingly of opinion that the administratrix was not barred of her action by the proceedings before the Judge of Probate.

On the point whether the defendant on the execution of an inquest, can take a bill of exceptions, the Court are of opinion that the defendant by suffering judgment to go by default, is out of Court, and has no right to except to testimony. The defendant is permitted, however, to cross-examine the witnesses, but cannot introduce testimony, or make a defence to the action. Should improper testimony or wrong instructions be given, the proper course is to apply to the Court to set aside the inquisition, and grant a new inquest.

The counsel for the plaintiff urged, on the argument, that no action lies by an officer for the collection of fees due him as a clerk, justice of the peace, or judge of probate. This position is clearly erroneous. The remedy given by statute, to collect fees by making out a fee bill and delivering it to an officer, is a cumulative remedy, but does not take away the common law remedy by suit.

The judgment, therefore, must be affirmed with costs.

*Judgment affirmed.*