## Kingman & Co. v. Meyer Bros.

1. ESTOPPEL—*Execution of Notes.*—The signing of notes for the purchase price of machinery, under a promise to put the machinery in repair, does not estop the payer of the notes from denying the acceptance of the machinery.

2. SALES—*Breach of Warranty—Recovery of Money Paid.*—Where machinery is purchased on a written order, like the one in evidence in this case, but fails to meet the requirements of the order, and the purchaser gives notice of such failure, as required by the terms of the order, if the seller fails to remedy the defects, and the machinery is not afterward accepted by the purchaser, and the warranty thereby waived, he may recover money which he is forced to pay on notes given for the amount of the purchase price of the machinery.

3. CONTRACTS—*A Contract Construed.*—The contract in evidence in this case did not make it the duty of the appellees to return the machinery ordered in case they did not accept it, but only made them liable for the return freight.

Assumpsit, for breach of a warranty. Appeal from the Circuit Court of Peoria County; the Hon. THOMAS M. SHAW, Judge, presiding. Heard in this court at the May term, 1896. Affirmed. Opinion filed December 9, 1896. Rehearing denied June 25, 1897.

ARTHUR KEITHLEY, attorney for appellants.

LOUIS F. MEEK, attorney for appellees.

MR. JUSTICE LACEY DELIVERED THE OPINION OF THE COURT.

This was a suit commenced in the Circuit Court of Peoria County, by appellees Meyer Bros., a firm, consisting of C. J. and C. E. Meyer, against the appellant, a corporation, to recover money paid by them to the appellant on account of a self-steering traction engine, second-hand, purchased or attempted to be purchased by appellees, and notes given on account thereof to appellant and afterward paid by them on a judgment obtained thereon by confession.

It appears from the evidence that the appellant was a resident of the city of Peoria, Illinois, and the appellees residents of Crescent City, Illinois; that the appellees on Janu-

ary 4, 1892, gave an order to the appellant to furnish or ship at once, in care of Meyer Bros., to Crescent City, Illinois, No. 11 of second-hand list, Case Ten Horse-Power Self-Steering Traction Engine, with tools and fixtures, on which order they agreed to receive the engine subject to the conditions attached to the order, and pay the freight and charges thereon from the factory and to appellant's order, on delivery, $400 in notes, $200 due October 1, 1892, and $200 due October 1, 1893.

By section four of the conditions the articles were " warranted to be of good material, well made and with proper management capable of doing as good work as similar articles of other manufacturers;  *  *  *  continued possession or use of the machinery after the expiration of time named above shall be conclusive evidence that the warranty is fulfilled to the satisfaction of the undersigned, who agree thereafter to make no further claim upon the warranty."

The fifth section provides, " It is also agreed and distinctly understood, that in case we for any reason do not take said machinery we will pay you as damages an amount equal to the freight from factory to the place of delivery and back to factory, cancellation of order being wholly optional with you."

The cause was tried before a jury and resulted in a verdict for appellees for $442, and judgment thereon was rendered against appellant.

The evidence shows that the machine was shipped to Crescent City as ordered and there unloaded and taken to the place of business of the appellees.   After it arrived they unloaded it, put water in it, fired it up and tried to run it, but soon found it needed more water.   They found that the injector would not work, and after experimenting with it with a practical engineer and others they failed to put water into it through the natural channel.   They then wrote to Kingman & Co. with reference to it.   They also found the levers out of order.   The flues, instead of being replaced by new, were old and leaky, and the fire-boxes were badly burned out, and the lubricator, instead of forcing the oil

down into the cylinder, it would go up the other way, and the cylinder leaked steam, so that if you wanted to start it you had to throw the throttle valve wide open and the engine would hardly pull itself, and the pumps and injector would not work at all, and as C. J. Meyer, one of appellees, testified, were not made to work by anybody that has touched it since that day.

A short time afterwards, one Isch, traveling salesman for appellant, arrived at appellees' place of business. They claimed that neither the pumps nor injector worked. He went there to settle for it. They refused to settle for the engine, claiming that it was defective, and Isch reported to appellant and shortly after they sent a man by the name of Cramer over to fix it, who, as the evidence tended to show, failed in doing so and made it worse that it was before, and broke the reverse link and left the machine where it was.

In October, 1893, a Mr. Reed on behalf of appellant, went to Crescent City to take the notes for the machine, when the appellees made the same complaints to him about the engine as they had to Isch and Cramer. The engine had never been able to pull a load, or operate any more than itself, and had never been moved. Reed said that he would see that the matter was straightened up, and upon that promise the notes were signed, and they proved to be judgment notes, and afterward a judgment was rendered on them, execution issued and appellees were forced to pay them.

Appellant never sent any one after this to put the engine in repair, and the engine remains in the same place where Cramer left it.

The evidence tended to show that the machine was worn out and worthless.

The case was tried upon the theory that the machine had never been received by appellees, that the signing of the notes executed under promise of putting the machine in repair did not estop appellees from denying the acceptance of the engine, and that if the engine did not meet the requirements of the order given for it, and the appellees

performed their duty under the order by giving the notice required by the terms thereof, and the defects were not remedied by the appellant, and without fault of appellees the engine failed to do the work required of it, and appellees had not afterward accepted the engine and thereby waived the condition of warranty in the order given, then they had a right to recover for the money paid on the executions.

Appellee's instructions were given on this basis.

We are of the opinion that the verdict was supported by the evidence on the issue of fact there presented.

Counsel for appellant claim that according to the terms of the contract continued possession of the machine by appellees was a conclusive waiver of the warranty, and also the use of it was the same, but we think the evidence justified the jury in its verdict under the instructions of the court that the machine was never held in the possession and absolutely accepted by appellees, but that they only held it to be experimented upon by appellant, conditioned upon its being put in order according to the warranty, nor would they be estopped even if they allowed others to experiment on it and use it if they could. They might have been willing if any body could work it to finally accept it, but as the appellant never fixed it and as neither appellees nor any one else could ever use it, under the evidence in the case, we think the jury was justified in its verdict. We do not think that it was the duty of the appellees to return the machine to Peoria if they never accepted it.

By the fifth clause of the contract it was provided, as will be seen in the copy which we have given of it above, that in case the appellees did not take the machine they were to pay as damages an amount equal to the freight from the factory to the place of delivery and back to the factory, and the most that could be said is that the appellant might recoup those expenses; but the appellees paid the freight from Peoria to Crescent City, and there was no proof of what the freight would be back and no attempt to prove it.

We are of the opinion that the verdict is not too much; in fact, it might have been greater if interest had been allowed on the amount of the judgments paid.

The objection made to the refusal of the court to give the first, third, fourth and fifth refused instructions of the appellant was not error.

The first was given in the second given instruction for appellant. The third was erroneous in requiring actual notice to be given appellant other than that received by its agents in the transaction of its business.

The fourth refused instruction is covered by the third and fourth instructions given for appellant and the matter attempted to be covered by the fifth refused instruction was not properly before the jury. The evidence was such that no such point could be made.

Seeing no error in the record, the judgment of the court below is affirmed.