Harry Wolf, Appellee, v. O. M. Powers, Appellant.

Gen. No. 14,139.

1. PLEADING—*what question cannot be submitted to jury for determination.* The construction of a contract is a question of law for the court and it is improper to submit the determination of such a question to the jury.

2. PRACTICE—*what proof not essential to assessment of damages.* A default admits the material allegations of the declaration and proof thereof is not essential upon a proceeding to assess damages.

Assumpsit. Appeal from the Superior Court of Cook county; the Hon. AXEL CHYTRAUS, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1907. Affirmed. Opinion filed October 20, 1908.

**Statement by the Court.** Appellee, Harry Wolf, brought suit against Arthur N. Powers and appellant, O. M. Powers, upon the following contract between appellee and Arthur N. Powers.

"Memorandum of Agreement by and between Arthur N. Powers and H. Wolf, both of the City of Chicago and State of Illinois.

Whereas, Arthur N. Powers has this day sold to H. Wolf Four Hundred (400) shares of the capital stock of the National Fiber & Cellulose Company, of Ten ($10) Dollars each, for Two Thousand ($2,000) Dollars cash, the payment of which to said Powers is evidenced by a receipt signed by him for said amount and delivered to said H. Wolf, which said Four Hundred (400) shares of stock is to be held by said H. Wolf

until taken up and exchanged for Twenty-one (21) shares of common stock of One Hundred ($100) Dollars each, and Twenty-one (21) shares of six per cent. non-cumulative preferred stock of One Hundred ($100) Dollars each, in the American Corn Fiber Company, which said American Corn Fiber Company is now incorporated for the purpose of acquiring all of the property, both real and personal, of whatsoever kind and nature, of the National Fiber & Cellulose Company.

The purchase of said stock by said H. Wolf, and the sale thereof by said A. N. Powers, is made upon the following conditions: If at any time between ninety (90) days after date and November first, 1906, the said H. Wolf shall need the said Two Thousand ($2,000) Dollars, and because of said needs it shall be imperative that he sell and dispose of said shares of stock, then, and in such event, he hereby agrees that before offering said stock to any other person whatsover, he will serve a sixty (60) day notice upon the said A. N. Powers, requesting him to take up all of said stock for exactly the same sum now paid therefor, to-wit: Two Thousand ($2,000) Dollars, and in consideration of this sale now made, the said A. N. Powers hereby expressly agrees to accept said notice, and will, within the sixty (60) days provided in said written notice, take up all of said shares of stock, and repay to said H. Wolf the sum of Two Thousand ($2,000) Dollars.

Signed, sealed and delivered in duplicate this thirty-first day of January, A. D. 1905.

ARTHUR N. POWERS, (SEAL)
HARRY WOLF. (SEAL)

Witness:

E. H. SCHIFF.

In the event that the sixty (60) day notice mentioned in the foregoing agreement is served upon my nephew, Arthur N. Powers, and he fails to take up said stock, I hereby agree to take up said stock and pay therefor the sum of Two Thousand ($2,000) Dollars.

O. M. POWERS. (SEAL.)"

Appellant filed a plea denying joint liability with Arthur N. Powers. Appellee thereupon, by leave of

court, discontinued the suit as to Arthur N. Powers, and filed an amended declaration consisting of two counts. Demurrers were sustained to the first count, and an amended first count and three additional counts were filed, to which appellant demurred. The demurrers were overruled and appellant filed seven special pleas.

Appellee demurred to the first five pleas, but did not join issue on the sixth and seventh pleas. The demurrers to the five pleas were sustained, and appellant elected to stand by his pleas. He also moved to carry the demurrers back to the second count of the amended declaration, and to the second and third additional counts. This motion was overruled.

On motion of appellee default was entered against appellant for failure to further plead to the amended first count of the amended declaration, and to the first additional count. The court heard the evidence offered on behalf of appellee, appellant objecting, and assessed appellee's damages at $1,059.58, to which exception was taken. Judgment was entered on the finding and appellant excepted thereto.

MILLARD R. POWERS, for appellant; JOSIAH BURNHAM, of counsel.

FOSTER, BRADLEY & STETSON, for appellee.

MR. PRESIDING JUSTICE SMITH delivered the opinion of the court.

Appellant assigns errors upon the rulings of the court sustaining demurrers to his pleas, and refusing to carry appellee's demurrers back to the counts of the declaration, entering default, and assessing damages and entering judgment; and also, in admitting evidence.

The ground of the demurrers to the first count of the amended declaration and to the first, second and third additional counts was the failure to allege that the

notice served by the plaintiff, appellee, was in writing, as required by the contract set up in the declaration.

In ruling upon the special demurrers to the counts of the declaration the trial court necessarily passed upon the question whether the contract between Wolf, appellee, and Arthur N. Powers provided for a notice in writing to Powers "requesting him to take up all of said stock for exactly the same sum of money now paid therefor," etc. No count in the declaration averred that a written notice was served. If the contract requires a written notice each count in the declaration is defective in failing to make such averment. This is the principal question presented in argument before us.

In support of the construction contended for by appellant "that the contract provided for a written notice" reliance is placed upon the language of the contract which required appellee Wolf to "serve a sixty (60) day notice upon the said A. N. Powers," etc., and "the said A. N. Powers hereby expressly agrees to accept said notice and will within the sixty (60) days provided in said written notice, take up all of said shares of stock," etc. It is also urged that the contract and the guaranty thereof are under seal, and in the most solemn form that could be adopted, and therefore the notice was to be equally formal; that the words "serve" and "accept" "said written notice" all refer and relate to the one notice which was to be given under the contract, and that the notice to be given was to be of such a character that it could be served and accepted as those words are commonly understood.

Upon the best consideration of the contract and the arguments of counsel which we have been able to give, we are inclined to the opinion that the construction of the contract adopted by the trial court is the correct one. As we read and understand the contract, Wolf agreed to give to Powers a sixty day notice before offering the stock to any other person, in the event

named in the contract. The contract does not in terms provide that this notice should be in writing. No good reason is apparent why an oral notice could not be "served" and "accepted" as well as a written notice, or that it would not serve the purpose of the parties as expressed in the contract as well as a written notice. When the parties have failed to express in their contract the kind of notice, whether in writing or oral, it must be presumed that they did not regard it as material or important, and courts ought not to read into the contract what the parties have not written therein, especially when, in the nature of the case, it is unimportant and immaterial. In the view we take of the contract the notice provided for therein, and its acceptance, might be oral or written, consequently the reference to "said written notice" in the last clause of the contract has no special significance in determining the question we are now considering. It refers simply to the notice provided for in the contract, and was not intended to and does not affect the kind of notice or the manner of giving it. In our opinion, therefore, the court did not err in the rulings upon the demurrers to the declaration.

The pleas demurred to and held bad by the court did not directly deny the allegations of the counts which they purported to answer, but alleged that the notice required by the contract was a written notice, and that the liability of the defendant upon said contract of guaranty was wholly dependent upon the service by the plaintiff of a written notice, etc. These allegations are mere conclusions of law drawn by the pleader and not statements of fact. Appellant by the pleas attempted to submit to the jury as a question of fact whether or not a notice in writing was required by the contract. The construction of a contract is a question of law for the court, not a question of fact for the jury. The demurrers to the pleas were properly sustained.

It is further urged that the testimony offered on

the assessment of damages, after the default was entered against appellant for failure to further plead to the amended first count of the amended declaration and to the first additional count, was insufficient in that it does not show, as provided in the contract, that appellee ''shall need the said $2,000 and because of said needs it shall be imperative that he sell and dispose of said shares of stock.''

The declaration averred that on the 19th day of October, 1905, ''the plaintiff was in need of the $2,000 so paid to Arthur N. Powers and because of said needs it became imperative that he sell,'' etc.

In Cook v. Skelton, 20 Ill. 107, the court, at page 111 of its opinion, says: ''The default admitted every material allegation in the plaintiff's declaration and left nothing but the assessment of damages open to be determined. When the court came to assess the damages, the only issue it could then try was, the amount of damages in the case, and any other issue was not before the court. The indebtedness was admitted but the amount had to be ascertained by the inquiry.''

In Shinn's Pleading & Practice, Vol. 2, page 980, it is said: ''The defendant by permitting a default to be entered against him admits every fact alleged in the declaration.''

Appellant cannot complain that the evidence of facts admitted of record was insufficient or did not support the essential averments of the declaration.

We think that Morton v. Bailey, 2 Ill. 213, and Foreman Shoe Co. v. Lewis, 191 Ill. 155, dispose of the objections made on behalf of appellant to the evidence offered on the inquest.

In our opinion the record is free from reversible error, and the judgment is therefore affirmed.

*Affirmed.*

Mr. Justice CHYTRAUS took no part in the decision of this case.