484      APPELLATE COURTS OF ILLINOIS.

Ideal Coated Paper Co. v. Cupples Envelope Co., 169 Ill. App. 484.

## Ideal Coated Paper Co., Defendant in Error, v. Samuel Cupples Envelope Co., Plaintiff in Error.

### Gen. No. 16,381.

1. SALES—*when vendee entitled to recover purchase price.* If merchandise is sold by sample and payment made therefor before delivery and opportunity for examination recovery may be had of the amount paid if the merchandise upon examination is not up to sample.

2. SET-OFF—*what not unliquidated damages.* A claim predicated upon the transaction set forth in the preceding paragraph of syllabus is not unliquidated and is a proper subject of set-off.

Error to the Municipal Court of Chicago; the Hon. JOHN W. HOUS-TON, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1910. Reversed and judgment here. Opinion filed April 11, 1912.

WM. M. and WM. S. JOHNSTON, for plaintiff in error; FREDERICK C. ELLIS, of counsel.

BAKER & HOLDER, for defendant in error.

MR. JUSTICE MCSURELY delivered the opinion of the court.

The Ideal Coated Paper Co., hereinafter called the plaintiff, is a corporation of Massachusetts, but not licensed to do business in Illinois. The Samuel Cupples Envelope Co., hereinafter called the defendant, is a Missouri corporation, with its main office in St. Louis, but licensed to do business in Illinois, and with a branch office in Chicago.

The plaintiff brought suit in the Municipal Court of Chicago, to recover for a consignment of paper sold by it to the Chicago office of the defendant. This transaction is not in dispute. Defendant claims a set-off, which was disallowed by the trial court, and judgment was entered for the full amount of plaintiff's claim.

The defendant claims that plaintiff, being a foreign corporation not licensed to do business in Illinois, should not be permitted to prosecute its suit here; but the Supreme Court, in Alpena Portland Cement Co. v. Jenkins & Reynolds Co., 244 Ill. 354, has held adversely to this claim.

The set-off claimed by defendant arises from the following facts: Some months before the sale of paper to the Chicago office of defendant, above referred to, a traveling salesman for plaintiff sold to the St. Louis office of defendant certain paper, under a guaranty that the goods delivered should be like the sample submitted, and suitable for a particular kind of work for which it was desired by defendant. The goods were delivered, but for the purpose of taking advantage of a discount, the defendant paid for the same, the amount being $108.30, before it had examined or tested the paper. After examination and testing, it proved to be not like the sample and unfit for defendant's use for which it had been purchased. Defendant notified plaintiff of this fact and offered to return the paper, which offer was declined by plaintiff, who claimed that the paper was satisfactory. In our opinion the evidence clearly shows that the paper delivered to the St. Louis office did not comply with the conditions of the sale, and defendant was entitled to recover from plaintiff the money paid therefor.

The claim by plaintiff that the paper was accepted because the defendant used a small quantity in making tests, is untenable, for tests of the kind made by defendant were contemplated at the time of the sale. Neither can we agree with the statement that it was accepted because "there was no unconditional offer to return the goods." A fair construction of defendant's letter of May 24, 1909, does not support this claim, while the letter of plaintiff dated August 4, 1909, clearly evidences a refusal by plaintiff to accept the return of the paper. Another tender of the paper

was made by defendant upon the trial, and refused by plaintiff. Under such circumstances there has been nothing done by the defendant which we consider to have been an acceptance of the paper. (Kingman & Co. v. Meyer Bros., 70 Ill. App. 476.)

The critical question is whether or not this claim of set-off is for unliquidated damages, and therefore comes under the general rule that such damages cannot be a subject of set-off. (Higbie v. Rust, 211 Ill. 333.) We do not consider this to be a claim for unliquidated damages. Unliquidated damages have been defined in Butts v. Collins, 13 Wend. 139, 156, as follows:

"They are such as rest in opinion only, and must be ascertained by a jury, their verdict being regulated by the peculiar circumstances of each particular case. They are damages which can not be ascertained by computation or calculation, as, for instance, damages for not using a farm in a workmanlike manner; * * * for carelessly upsetting a stage, by which a bone is broken, and other cases of like character, where the amount to be settled rests in the discretion, judgment or opinion of the jury."

The only claim of defendant is for the return of the money paid plaintiff, and it is undisputed that this amount is $108.30, from which should be deducted $1.70, the value of the paper used in making tests. These figures are not matters of opinion; their correctness is not disputed; hence they do not come within the description of unliquidated damages.

"Statutes of set-off, being regarded as remedial acts, tending to prevent circuity of action and thus to settle controversies speedily, are to be liberally construed." 25 Am. & Eng. Ency., 2nd ed., 491; Kelley, Maus & Co. v. Caffrey, 79 Ill. App. 278; Heenan Co. v. Welter, 144 Ill. App. 279. Items such as "goods sold and delivered, and money, etc.," are a "proper subject of set-off." East v. Crow, 70 Ill. 91.

Defendant's claim was in the nature of liquidated damages, and should have been set off against the amount due to plaintiff.

We are asked to reverse this judgment on the further ground that as the plaintiff is a non-resident, a demand even for unliquidated damages may be used by the defendant as a set-off, although as a general rule such a demand cannot be the subject of a set-off. The cases of Forbes & Bros. v. Cooper & Co., 88 Ky. 285, and Bibb Land-Lumber Co. v. Lima Machine Works, 104 Ga. 116, are directly in point in holding this to be the correct rule, and we are referred to no cases to the contrary.   In Quick v. Lemon, 105 Ill. 578 (586-587), our own Supreme Court has held that in a proceeding in chancery, non-residence of the complainant is sufficient ground for permitting the defendant to claim by cross-bill a set-off against a judgment, where otherwise such claim would not be allowed. The Supreme Court quotes with approval from Robbins v. Holley, 1 Monroe 194, where the court said: ''Robbins is admitted to be insolvent, and Dodge must be understood, from the proceedings, to be out of the country; and it will not be denied that these facts are sufficient, in general, to warrant a court of equity in taking cognizance of a cause, for the purpose of setting off demands which, from a lack of connection, could not otherwise be decreed in a court of equity.'' To this our Supreme Court adds: ''It would seem to be inequitable to require the corporation to go to another State to collect its demand in an action at law, and we are inclined to hold that the non-residence of the complainant, in connection with the fact he calls upon a court of equity to enforce his judgment, is sufficient to allow the defendant corporation to prove and set off its demand set up in the cross-bill against the judgment of the complainant.''

These considerations, we believe, are equally potent

in a suit at law. No just reason can be perceived why a resident of this state, when sued here by a non-resident, should be barred from trying his counter claim in the same action, and be compelled to go into the foreign state to seek redress. To work this hardship upon a citizen of this state is to give undue advantage to a non-resident.

Counsel for the plaintiff have not referred to this point in their Brief and Argument, so that nothing in opposition thereto has been presented to this court.

The judgment will therefore be reversed and judgment will be entered here in favor of the plaintiff for $53.89, which amount we have arrived at by allowing the set-off of the defendant for $108.30 less $1.70 for the goods used in making tests, which leaves $106.60. Deducting this from $160.49, the amount of plaintiff's claim, leaves $53.89, for which judgment is entered; costs to be taxed against the defendant in error.

*Reversed and judgment here.*