## Michael A. Thomas, Appellee, v. City of Chicago, Appellant.

### Gen. No. 21,043.

1. CIVIL SERVICE, § 14*—*when employee may be suspended.* Under section 12 of the City Civil Service Act (J. & A. ¶ 1811), as to the suspension of officers for a reasonable period not exceeding thirty days, there is no restriction on the right of suspension for the limited time prescribed, and when occasion warrants it, and the interests of the city require it, a civil service employee may be temporarily deprived of his employment for the time prescribed.

2. CIVIL SERVICE, § 14*—*what is effect of statute as to suspension.* Section 12 of the City Civil Service Act (J. & A. ¶ 1811), providing that "nothing in this Act shall limit the power of any officer to suspend a subordinate," etc., is broad enough to apply where it is necessary to lay off subordinates for a limited period for the purpose of economy when retrenchment is necessary, and the word "suspend" is not synonymous with "remove," but with "lay off."

3. CIVIL SERVICE, § 14*—*what is effect of statute as to removal of employee.* Section 12 of the City Civil Service Act (J. & A. ¶ 1811), prohibiting the removal of an officer except for just cause,

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Thomas v. City of Chicago, 194 Ill. App. 526.

does not apply where an employee is laid off for thirty days or less when it is done in good faith to reduce expenses.

4. CIVIL SERVICE, § 14*—*what is effect of rule as to discharging employee.* A rule of the civil service that in the reduction of the force of employees the person last certified for employment shall be first laid off, does not apply to a lay off for thirty days or less when it is done in good faith to reduce expenses.

Appeal from the Circuit Court of Cook county; the Hon. JOHN GIBBONS, Judge, presiding. Heard in this court at the October term, 1914. Reversed with finding of facts. Opinion filed October 5, 1915.

JOHN W. BECKWITH, for appellant; LEON HORNSTEIN, of counsel.

DARROW, BAILY & SISSMAN, for appellee.

MR. JUSTICE BAKER delivered the opinion of the court.

This appeal brings before us for review a judgment recovered by appellee Thomas, formerly a sanitary inspector of Chicago, against the City of Chicago, appellant, for $93.55, the amount of wages alleged to be due Thomas for the period from December 3 to 31, 1912, during which time he was laid off and did not render any services to the defendant. His contention is that he was wrongfully laid off and was entitled to the wages or salary of the position although he was not at work. There was an unexpected curtailment of the revenues of the city for the year 1912 amounting to about $3,701,000. It was not known that there would be such curtailment until July, 1912, and after more than one-half of the appropriation for that year had been expended. The heads of departments were requested by the city comptroller to undertake to save from twenty-three to thirty-one per cent. of the amounts appropriated, such varying percentages being adjusted to meet the needs of the different depart-

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

ments and their ability to save. The head of the department of health made an effort to save twenty per cent. Thomas was a sanitary inspector in that department at a salary of $100 per month. The last seven inspectors certified were laid off in October for a full month. About November 3rd, approximately one-third of the remaining inspectors were laid off for twenty-nine days, about the fifteenth of November another third for the same time, and December 3rd, when the one-third of the inspectors first laid off had returned to work, the remaining third were laid off for the same time. The result of such laying off was that two-thirds of the experienced inspectors were at work all the time except from the middle of November to the middle of December, when only one-third were at work. Thomas was among the one-third last laid off. This was not carried out with absolute precision because, as stated by the head of the department, an effort was made to keep a working force in all the different lines, but the inspectors were treated alike with the exception that the seven who came into the department last were laid off thirty-one days and the others twenty-nine days. Such absolute fairness as was shown convinces us that the good faith of all parties cannot be questioned.

Section 12 of the City Civil Service Act (J. & A. ¶ 1811) contains the following provision: "Nothing in this Act shall limit the power of any officer to suspend a subordinate for a reasonable period, not exceeding thirty days." Section 12 of said act also provides that no officer or employee in the classified civil service who has been appointed as provided in the act, "shall be removed or discharged except for cause, upon written charges and after an opportunity to be heard in his own defense." There is no statutory restriction under the Civil Service Act on the right of suspension for the limited time prescribed in the act, and the statute must be construed to mean that when occasion warrants it and the interests of the city require it, a civil

service employee may be temporarily deprived of his employment for the time prescribed without affecting his status. The wording of the provision in section 12 that, ''Nothing in this Act shall limit the power of any officer to suspend a subordinate,'' etc., is broad enough to cover a case where it is necessary to lay off subordinates for the limited period named for purposes of economy at a time when retrenchment is necessary. The word ''suspend'' in the statute is not synonymous with ''remove'' but with ''lay off,'' where the purpose of suspending or laying off men is proper and necessary retrenchment. *City of Chicago v. People ex rel. Byrne,* 114 Ill. App. 145; *O'Neill v. Fitzsimmons,* 144 Ill. App. 168; *Fitzsimmons v. O'Neill,* 214 Ill. 494; *Shane v. City of New York,* 135 App. Div. (N. Y.) 218.

Section 7 of the Civil Service Rules provides that: ''Whenever it becomes necessary in any business through lack of work or funds, or for any other cause, to reduce the force in any employment, the person working in said business who was last certified for such employment shall be the first laid off.'' Section 12 of the Civil Service Act prohibits the removal of an officer appointed under the rules of the Civil Service Commission except for just cause and with an opportunity to be heard. We do not think that either the rule or the statute is intended to apply to a lay off for thirty days or less, when it is done in good faith to reduce expenses.

We think the court erred in rendering judgment for the plaintiff and refusing to enter judgment for the defendant, and the judgment of the Circuit Court is reversed.

*Reversed with finding of facts.*

Finding of facts. The court finds as facts from the evidence in the record in this case that the action of the defendant, the city of Chicago, and of the head of the department of health of said city, in laying off the

plaintiff Thomas, a sanitary inspector in the department of health, December 3, 1912, for the period of twenty-nine days, was taken in good faith in the interest of economy and necessary retrenchment, and in an honest effort to bring the expenses of the city of Chicago for the year 1912 within the revenue of the city for that year, and not for the purpose or with the intent to circumvent or evade any provision of the act to regulate the civil service of cities, or of any rule of the civil service commissioners appointed pursuant to the provisions of that act.