196     Appellate Courts of Illinois.

G. E. Hammans v. Powell Myers Lumber Co., 220 Ill. App. 196.

## G. E. Hammans, trading as Hammans Land & Lumber Company, Appellee, v. Powell Myers Lumber Company, Appellant.

### Gen. No. 25,618.

1. Set-off and recoupment, § 2*—*what is nature of right of set-off.* The right of a defendant to set off is purely statutory.

2. Set-off and recoupment, § 10*—*what damages are not subject of set-off.* Unliquidated damages arising out of a subject-matter not connected with the subject-matter of plaintiff's claim do not form a proper matter of set-off, in an action at law under sections 33 and 47 of the Practice Act, Hurd's Rev. St. ch. 110 (J. & A. ¶¶ 8570, 8584), and the nonresidence of any of the parties is immaterial.

Appeal from the Municipal Court of Chicago; the Hon. John Richardson, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1919. Affirmed. Opinion filed November 30, 1920.

Pomeroy & Martin, for appellant.

Herbert A. Schryver, for appellee.

Mr. Justice Matchett delivered the opinion of the court.

On July 18, 1918, plaintiff, who is appellee in this court, sued out a writ of attachment against defendant on the ground that defendant was its debtor and a nonresident of the State.

September 16, defendant entered a general appearance and demand for trial by jury and having presented a bond, which was approved, the attachment was dissolved and the garnishee, who had been summoned, discharged. An amended statement of claim was filed by plaintiff setting up the sale of certain lumber to defendant of the value of $1,319.60, which

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

amount it was claimed was still due and unpaid. The defendant filed an affidavit of merits admitting that the sum of $1,175.02 was due on account of plaintiff's claim and offering to allow that amount out of a claim of offset pleaded by it for the sum of $2,185. The claim of offset alleged such amount to be due by reason of unliquidated damages arising out of plaintiff's failure and refusal to ship to the defendant certain other orders for lumber alleged to have been accepted by the plaintiff. It alleged that after allowing all just credits, deductions and set-offs, there was due to defendant from plaintiff the sum of $1,009.98.

This amended set-off was on motion of plaintiff stricken by the court. The cause was submitted to the court for trial, the issues were found for plaintiff with damages assessed at $1,239.13, and judgment entered on the finding.

The amended plea of set-off, which was stricken, set up that the plaintiff was a nonresident of the State of Illinois, and that his residence was in the State of Arkansas, and that the defendant was a corporation organized and existing under the laws of the State of Indiana.

It is argued the court erred in striking the claim of set-off and appellant cites authorities which it is claimed hold that unliquidated damages arising out of a different subject-matter may in this State be set off against a nonresident plaintiff. These cases are *Ideal Coated Paper Co. v. Samuel Cupples Envelope Co.*, 169 Ill. App. 484, and *Nissly v. Wainer*, 211 Ill. App. 254. As we understand the law the right to set-off in this State in purely statutory. At common law a defendant could not set off his demand against plaintiff's debt. *Morton v. Bailey*, 2 Ill. 213; *Replogle v. Toledo, St. L. & W. R. Co.*, 184 Ill. App. 339.

The statutes with reference to this subject will be found in section 33 of the Practice Act, chap. 110, Hurd's Rev. St., page 2239 (J. & A. ¶ 8570), and sec-

198    APPELLATE COURTS OF ILLINOIS.

G. E. Hammans v. Powell Myers Lumber Co., 220 Ill. App. 196.

tion 47 of said chapter, page 2241 (J. & A. ¶ 8584).

It is well settled by many decisions of our Supreme Court construing these and similar statutes that unliquidated damages such as were here set up, arising out of a subject-matter not connected with the subject-matter of plaintiff's claim, do not form a proper matter of set-off under this statute. *Hawks v. Lands,* 8 Ill. (3 Gil.) 227; *DeForrest v. Oder,* 42 Ill. 500; *Clause v. Bullock Printing Press Co.,* 118 Ill. 612; *Higbie v. Rust,* 211 Ill. 333; *Selz v. Stafford,* 284 Ill. 610.

Nor are we cited to any decision of our Supreme Court holding that in an 'action at law the residence or nonresidence of any of the parties is material. It is true there is language in *Ideal Coated Paper Co. v. Samuel Cupples Envelope Co.* and *Nissly v. Wainer, supra,* which might be construed to so hold, but an examination of these cases indicates that the authorities relied upon were decisions of courts of other States construing statutes essentially different from the statutes which control here, and, further, that these courts were evidently not required as we are to distinguish between set-off at law and equitable set-off. In equitable set-off the residence of the plaintiff and his insolvency are usually material.

We think the court did not err in striking the plea and the judgment will therefore be affirmed.

*Affirmed.*

BARNES, P. J., and GRIDLEY, J., concur.