## Duncan Lumber Company, Appellee, v. Leonard Lumber Company, Appellant.

### Gen. No. 32,091.

1. SET-OFF, COUNTERCLAIM AND RECOUPMENT—*right to counterclaim for unliquidated damages not connected with original contract.* A counterclaim for unliquidated damages and not connected with the contract between the parties to the original suit is properly stricken.

2. SET-OFF, COUNTERCLAIM AND RECOUPMENT—*when contracts for sale of lumber on different days do not relate to each other.* A counterclaim relating to a contract for the sale of certain lumber by plaintiff to defendant on a specified date which is complete in itself does not relate to plaintiff's claim under a contract for a similar sale on a different date, the amount due on plaintiff's contract claim being admitted by the defendant.

3. SET-OFF, COUNTERCLAIM AND RECOUPMENT—*right to set. off claim for unliquidated damages against claim of nonresident.* A nonresident corporation bringing suit in this State cannot be held in a plea of set-off to respond by reason of such nonresidence for a claim of unliquidated damages unrelated to plaintiff's cause of action.

4. SET-OFF, COUNTERCLAIM AND RECOUPMENT—*origin of right to plead set-off*. The right to plead a set-off is a creature of statute and unknown to the common law.

5. SET-OFF, COUNTERCLAIM AND RECOUPMENT—*when damages for breach of contract of sale are unliquidated*. Damages for a breach of contract of sale that are arrived at by computing the difference between the contract price and the market value of the goods are unliquidated for the purpose of set-off.

Appeal by defendant from the Municipal Court of Chicago; the Hon. C. F. McKINLEY, Judge, presiding. Heard in the third division of this court for the first district at the October term, 1927. Affirmed. Opinion filed February 9, 1928.

SOLOMON P. RODERICK and LEONARD J. MANDEL, for appellant; AUSTIN L. WYMAN, of counsel.

HERBERT A. SCHRYVER, for appellee.

MR. JUSTICE HOLDOM delivered the opinion of the court.

This is an action of assumpsit brought in the municipal court of Chicago by the plaintiff, Duncan Lumber Company, a corporation, against Leonard Lumber Company, a corporation. The plaintiff sets forth in its statement of claim that on February 19, 1926, it sold to defendant certain lumber specifically set forth, at prices therein detailed, and for deliveries on dates therein specified, and claiming due from defendant for such lumber the sum of $1,219.53.

The affidavit of plaintiff's claim, supporting the averments of the statement of claim, claimed the amount above mentioned as due to it.

Defendant appeared and on July 15, 1927, by leave of court, filed an amended affidavit of merits and set-off instanter. In such affidavit of merits defendant set forth that defendant contracted and became liable for the indebtedness mentioned in plaintiff's statement of claim, and that the same has never been paid, but further states that plaintiff is indebted to defend-

ant for the difference between its claim and that of defendant's set-off in the sum of $2,690.39 with interest, etc.

In its amended statement of claim of set-off, defendant avers that on February 2, 1926, the plaintiff entered into a contract with defendant to sell defendant certain lumber therein set forth to be delivered one carload March 15, 1926, one May 15, 1926, and one July 15, 1926, at the price of $37.50 per thousand feet, f. o. b. Chicago, but plaintiff refused to deliver said lumber or any part of it upon demand made therefor; that by reason of plaintiff's refusal to deliver said lumber defendant was compelled to and did purchase lumber of the same grade, quantity and quality as provided by a written contract between the parties for each of said three carloads of lumber, and that the difference between the market and the contract price paid by defendant for such lumber, after deducting the amount of plaintiff's claim, was $2,690.39.

On motion the trial court struck the counterclaim of defendant and its affidavit of merits from the files for the reason that the counterclaim was for unliquidated damages and unconnected with the contract between the parties to the original suit.   The defendant, electing to stand by its set-off and counterclaim, was defaulted and the damages of plaintiff assessed at the sum of $1,219.53.   After overruling defendant's motion in arrest of judgment, judgment for that amount was entered, and defendant brings the record here for our review.

It is apparent from the pleadings that the plaintiff seeks to enforce in this suit its claim against defendant under a contract entered into between the parties for the sale of certain lumber dated February 19, 1926, and defendant's set-off and counterclaim relate to a contract for the sale of certain lumber by plaintiff to defendant of date February 2, 1926.   That contract is complete in itself and has no relation whatever to

the contract embraced in plaintiff's suit against defendant herein.

We think it patent that the counterclaim of defendant was in no way related to that of plaintiff as set forth in its statement of claim, the amount due thereunder being admitted by defendant in its affidavit of merits.   There were two separate and distinct transactions, neither depending upon the other for their fulfillment in any way.  In argument, defendant tacitly admits that its set-off is for damages that are unliquidated, and that notwithstanding that fact, the set-off may be maintained in this action because the plaintiff corporation is nonresident of the State of Illinois and is a foreign corporation, and not licensed to do business in the State of Illinois, nor has it any office or agent within the State.  And in support of such contention counsel rely upon *General Platers Supply Co. v. L'Hommedieu & Sons Co.,* 228 Ill. App. 201. We do not think that case, *supra,* is applicable to the condition in the instant case.   That case was tried "solely upon the issue of accord and satisfaction." In the case, *supra,* we adopt the reasoning of Mr. Presiding Justice McSurely, where he states:

"The general rule is that unliquidated damages cannot be set off in an action of this kind, but defendant cites certain decisions of this court apparently holding that where a nonresident plaintiff brings an action at law against a resident defendant, the defendant may assert a claim of set-off even for unliquidated damages.

"The decisions of this court have occasioned some uncertainty as to the law on this proposition.   One of the first cases touching this question, decided by this branch of the court, was *Ideal Coated Paper Co. v. Cupples Envelope Co.,* 169 Ill. App. 484.  Reference to that opinion shows, however, that the decision turned upon whether or not the claim of set-off was for unliquidated damages, and it was there definitely

held that the claim involved was for liquidated damages and a proper subject of set-off. In *Nissly v. Wainer*, 211 Ill. App. 254, it was held that the set-off should be regarded in the nature of liquidated damages. In both of these opinions certain language was used indicating a favorable disposition towards the argument that unliquidated damages might be set off by a resident defendant against a nonresident plaintiff, and in *Guenther v. Miller*, 222 Ill. App. 653, it was so held. However, in *Hammans v. Powell Meyers Lumber Co.*, 220 Ill. App. 196, it seems to be decided otherwise, although the question was not directly involved, for it appears from the opinion that both parties, plaintiff and defendant, were nonresidents of Illinois. In *Gates Co. v. Armstrong Tire & Vulcanizing Co.*, 226 Ill. App. 633, while inclining to follow the *Guenther* case, *supra,* we held that defendant's set-off was for liquidated damages. We cannot consider this point as definitely established by any reported decisions in this State. There is unanimity as to what the law should be, and in Wisconsin the legislature has by statute declared that where the plaintiff is a nonresident, the defendant may assert any cause of action whatever arising within the State and existing at the commencement of the action.''

Neither by the foregoing opinion nor in the cases therein cited is it established that the doctrine of this State is that a nonresident corporation bringing suit within this jurisdiction can be held in a plea of set-off to respond by reason of such nonresidence for both liquidated and unliquidated claims. Furthermore, the decision of the court was not based upon the reasoning above quoted, the court saying: ''There is, however, another and firmer basis which requires a reversal of the judgment. We are of the opinion that the greater weight of the evidence supported the defense of accord and satisfaction,'' Mr. Justice Matchett concurring in part simply upon the theory that the judgment should

be reversed "because the greater weight of the evidence tended to show an accord and satisfaction."

We are referred to *Sterling-Midland Coal Co. v. Great Lakes Coal & Coke Co.,* 240 Ill. App. 216, in which some aspects are similar to the case at bar, that case being disputed contracts for coal, while in this case the subject of the differences of the parties is confined to lumber. However, that case is dissimilar to the instant case. We hold in the case at bar that the contract set up in the counterclaim did not grow out of the contract counted upon in plaintiff's statement of claim, that it is a separate and distinct undertaking and complete in itself, and we further hold that the set-off arises out of a claim in which the damages are unliquidated, and if the *Sterling-Midland Coal Co.* case, *supra,* is in conflict with this holding, we join Mr. Presiding Justice Matchett in his dissent to the opinion in that case. The right to plead a set-off is a creature of the statute and unknown to the common law.

In *Turnbull Joice Lumber Co. v. Chicago Lumber & Coal Co.,* 152 Ill. App. 347, it was held that claims for unliquidated damages growing out of transactions not connected with the subject matter of the contract sued on are not proper subjects of set-off, and in that case it was further held that notwithstanding damages may be arrived at by computing the difference between the contract price and the market value, they are none the less unliquidated. In this case the late Mr. Justice Smith, in his opinion said:

"From the stipulation it appears that the controversy between the parties arises, not on the items constituting the claim of the plaintiff, but upon the items of the defendant's set-off. * * * The trial court was correct in ruling that the several claims were for unliquidated damages growing out of transactions not connected in any way with the subject-matter or contracts sued upon by the plaintiff and were not proper subject-matter of set-off in the suit. This is

the well-settled law in this State. *Clause v. Bullock Printing Press Co.,* 118 Ill. 612; *Robinson v. Hibbs,* 48 id. 408; *DeForrest v. Oder,* 42 id. 500.''

This language is equally applicable in the instant case.

There are no decisions of our Supreme Court, of which we have any knowledge, holding that where a nonresident plaintiff brings suit in any court of this State against a resident defendant, he may set off in such action any demand which he may have against such plaintiff on the sole ground of the nonresidence of the plaintiff, whether the damages arising from such counterclaim are liquidated or unliquidated. Neither are we aware of any decision of our Supreme Court holding that a claim for unliquidated damages unrelated to a plaintiff's cause of action can be set off in such suit.

There being no discoverable error in the record before us, the judgment of the municipal court is affirmed.

*Affirmed.*

TAYLOR, P. J., and WILSON J., concur.