Robert J. Benedict, Assignee of E. Dorfzaun, Appellant, v. Alvin L. Bear, trading as Bear Steel & Wire Company, Appellee.

Gen. No. 33,089.

Opinion filed April 17, 1929.

CONNEL M. McDERMOTT, for appellant; HAROLD M. McGUIGGAN, of counsel.

TELLER, LEVIT, SILVERTRUST & LEVI, for appellee.

MR. JUSTICE WILSON delivered the opinion of the court.

Robert J. Benedict, plaintiff, as assignee of a judgment for $1,516.26, recovered by his assignor E. Dorfzaun, against the defendant, Alvin L. Bear, doing business as Bear Steel & Wire Company, filed his claim based upon said judgment in the circuit court of Cook county. The judgment was a foreign judgment obtained in the municipal court of Cleveland, Ohio, on

personal service on the defendant. From the pleadings in the case as shown by the record in the municipal court of Cleveland, the judgment was based upon a contract entered into on or about July 28, 1924, under which E. Dorfzaun shipped to the defendant approximately 70,000 pounds of dead soft, cold rolled, strip steel at a price of $43 a ton. The defendant refused to pay for the steel under this agreement until it had been paid for a loss sustained by him growing out of a previous contract entered into on or about July 3, 1924. This transaction involved approximately 43,740 pounds of hard, cold rolled, steel scrap, which defendant claimed could only be disposed of at a loss as junk, but which he had paid for prior to his discovery of the fact that the shipment under the agreement of July 3 was contrary to specifications.

The declaration filed in the case relied upon the judgment and contained allegations showing that the cause of action upon which the suit was predicated, was based upon the agreement of July 28, 1924. The defendant filed his amended plea to the claim in which he set out the facts practically as stated, and claimed that, by reason of the loss sustained by him under the agreement of July 3, 1924, which he had not discovered until payment under said agreement had been made, he had sustained damages to the amount of $799.60, which he claims should be set off against plaintiff's demand.

A demurrer to the plea was interposed on behalf of the plaintiff which was overruled and, plaintiff electing to stand by his demurrer, judgment was entered by the court in favor of the plaintiff in the sum of $919.42, which was the difference between plaintiff's claim and the amount claimed by the defendant in its amended plea of set-off. From this judgment plaintiff prayed an appeal.

The amended plea set out matter growing out of a separate and distinct transaction, but it is insisted on

behalf of the defendant, that the amount claimed was a liquidated amount and further that, even though it were not liquidated, nevertheless, the defendant could plead and rely upon it because of the fact that plaintiff was a nonresident.

It is a well recognized rule of law in this State that unliquidated damages growing out of a different and distinct contract or agreement, and in no wise connected with the action on which a claim is predicated, cannot be the subject matter of a set-off as to such other or different claim or contract. *Duncan Lumber Co. v. Leonard Lumber Co.*, 247 Ill. App. 469, affirmed by the Supreme Court of this State in 332 Ill. 104. The facts in that case are very similar to the case at bar and controlling in this action. In that case the plaintiff sued for certain lumber sold and delivered under the contract of February 19, 1926. The defendant attempted to set off a counterclaim by reason of damages growing out of a contract made between the parties on February 2, 1926. This court held that they were distinct and unrelated transactions and that damages growing out of one being unliquidated could not be set off against the other. In passing on the question as to whether or not the damages were liquidated or unliquidated, the Supreme Court in its opinion, said:

"Defendant contends that the damages sought to be recovered by it in its set-off are liquidated damages, and cites two decisions of the Appellate Court that if damages can be ascertained by computation or calculation they are liquidated. This question has been passed upon by this court in numerous of the cases first above cited. Bouvier was quoted as defining 'liquidated damages' to be a certain sum due, and that it must appear not only that something is due but also how much is due, or the debt is not liquidated. 'An unliquidated debt is one which one of the parties cannot alone render certain.' The damages claimed by defendant in its

set-off in this case were not different, in the method of ascertaining the amount, from those in *Hawks v. Lands, supra, Higbie v. Rust, supra,* and *Ewen v. Wilbor,* 208 Ill. 492. As we have before stated, this case cannot be distinguished from *Higbie v. Rust, supra,* where the court distinctly held the damages sought to be set off were unliquidated and grew out of a contract other than the one sued on.''

Under the rule as laid down in this State the damages claimed under defendant's plea of set-off are, necessarily, unliquidated. A trial of this issue would involve the question as to whether or not there were any damages and, if so, how much, and would, necessarily, require proof as to market values. It could not be said that the amount of damages was fixed and certain.

As to the position of the defendant, that it was entitled to set off its claim against the plaintiff even though the amount claimed by reason of the plea of set-off was unliquidated because of the fact that the plaintiff was a nonresident, we can only say that this court in the case of *Duncan Lumber Co. v. Leonard Lumber Co.,* already referred to, has held that there is no force in the contention of defendant.

No reason exists for the citation of authorities other than the foregoing decision, wherein the question was given full consideration.

For the reasons stated in this opinion the judgment of the circuit court is reversed and judgment will be entered here for the plaintiff for the sum of $1,516.26, with interest at 5 per cent. from February 19, 1925, together with the costs of this proceeding.

*Judgment reversed and judgment here.*

HOLDOM, P. J., and RYNER, J., concur.