Citizens Trust & Savings Bank, Appellee, v. Anne
Blair et al., Defendants.
Appeal of Oliver F. Smith and Catherine C. Smith,
Appellants.

Gen. No. 34,142.

Heard in the third divi-
sion of this court for the first district at the February term, 1930.
Opinion filed December 10, 1930.

Ossian Cameron and Edward H. S. Martin, for appellants.

Sonnenschein, Berkson, Lautmann & Levinson, for appellee; Ben Rothbaum, of counsel.

Mr. Justice Friend delivered the opinion of the court.

By this appeal the defendants, Oliver F. Smith and Catherine C. Smith, seek to set aside a decree foreclosing a second mortgage on real estate. The bill of complaint alleges, among other things, that on March 25, 1927, Anne Blair executed her note for $5,000 secured by trust deed of even date therewith on the property in question, subject to a prior past due mortgage of $10,000; that by warranty deed dated March 1, 1929, Anne Blair conveyed the premises to Catherine C. Smith, who has failed to make certain principal and interest payments as provided by said trust deed; that certain other defendants, including the Smiths,. claimed some right, title, interest and lien in and to the premises, whose interest, if any, is subordinate and inferior to the lien of the trust deed sought to be foreclosed. The bill joins the holders of notes secured by a subsequent trust deed, parties defendant, as unknown owners, and prays for a decree of foreclosure.

The joint and several answer of defendants is too voluminous to be summarized in all its detail. It first disclaims knowledge of the several matters alleged in the bill of complaint, neither admitting nor denying the same, but requiring strict proof thereof, and then charges that the complainant has not exhibited its bill in good faith and that it does not come into equity with clean hands. The averments upon which these charges are based relate to two other proceedings; one pending in the circuit court, *Smith v. Hughes,* in which the defendant Oliver F. Smith seeks an accounting against

William Hughes, who is also a defendant herein, and others for the wrongful conversion of several hundred shares of the capital stock of the Citizens Trust & Savings Bank; and the other, in the superior court, *Fireman v. Smith,* wherein Smith is defending and by his cross-bill against Harry J. Fireman, the bank, Staver, its president, and others, also seeks to recover possession of said bank stock. The answer charges that this foreclosure proceeding was instituted in order to harass and punish Smith for prosecuting and defending said actions and for giving information to the receiver appointed in the superior court suit which was calculated to aid him in endeavoring to compel Staver to disclose the facts concerning the alleged unlawful conversion of said stock. The complainant, its solicitors, Staver, Hughes, Fireman and others, who are either parties or solicitors in the other proceedings, are charged with conspiracy to harass and injure Smith, and with collusion in reference to the prosecution and defense of said suits. Smith's unliquidated claim, as it appears by his answer, is in the nature of a set-off, and is in no way connected, by agreement or otherwise, with the debt or mortgage under foreclosure. The transactions alleged do not relate to or grow out of the mortgage indebtedness and precede the conveyance of the premises by Anne Blair to Catherine C. Smith and the execution of the note and trust deed by several years. No cross-bill was filed seeking affirmative relief and the answer contains no averment of the insolvency of complainant or other special equities.

Exceptions to the answer on grounds of insufficiency, scandal and impertinence were sustained by the chancellor and leave granted the defendants to file an amended answer. Upon their election to stand by the answer filed, the court entered an order of default against them and referred the cause to a master in chancery for hearing. Proofs were taken before the

master, his report subsequently approved by the court and a decree of foreclosure entered.

Defendants rely chiefly on the maxim that he who seeks equity must come into court with clean hands, and contend that the answer properly constituted a defense and should not have been stricken upon the exceptions filed thereto. The limitations on the maxim contended for have been fully discussed in the decisions of our courts, and are generally to the effect that the conduct complained of must grow out of the particular subject matter of the suit, which, in the instant case, would be the mortgage under foreclosure. In the case of *Carpenters' Union v. Citizens Committee,* 333 Ill. 225, at page 247, the court said that:

"The maxim, 'he who comes into equity must do so with clean hands,' only applies 'to the particular transaction under consideration, for the court will not go outside of the case for the purpose of examining the conduct of the complainant in other matters or questioning his general character for fair dealing.' (Bispham's Principles of Equity, p. 49.) 'The wrong must have been done to the defendant himself and must have been in regard to the matter in litigation.' (*City of Chicago v. Union Stock Yards Co.,* 164 Ill. 224.)"

Story's Equity Jurisprudence (14th Ed. 1918) Vol. 1, sec. 72, places a like limitation on the doctrine, and two recent decisions of this court are to the same effect. (*Messenger Publishing Co. v. Mokstad,* 257 Ill. App. 161; *Warshawsky & Co. v. Warshawsky & Co., Inc.,* 257 Ill. App. 571.).

Upon the ground of the insufficiency of the answer, we regard the statute sufficiently controlling. Section 23 of the Chancery Act (Cahill's Illinois Rev. St. 1929, ch. 22, ¶ 23) provides that:

"Every defendant shall answer fully all the allegations and interrogatories of the complainant, whether an answer on oath is waived or not, except such as

are not required to be answered, by reason of exceptions, plea or demurrer thereto allowed.''

Defendants failed to comply with the provisions of this act. They do not answer the allegations of the bill with reference to the conveyance of the property to Catherine C. Smith nor as to the amount claimed to be due upon the mortgage, both of which matters were particularly within their own knowledge.

It is stated in 21 Corpus Juris, section 557, at page 480, that:

''When the bill charges an act of defendant or other matter within defendant's knowledge, he must answer positively. It is insufficient in such case merely to disclaim knowledge or recollection or to deny on information and belief.'' And the case of *Young v. Jameson,* 307 Ill. 71, likewise holds that:

''If the answer was regarded as insufficient in any particular, it should have been attacked by exceptions for insufficiency.''

We are therefore of the opinion that the answer was both insufficient under the provisions of the Chancery Act and the decisions applicable thereto, and scandalous and impertinent in that it averred matters which could not constitute a defense to the bill of complaint.

There is a further reason, however, for which we regard the exceptions as having been properly sustained. It is well recognized in this State that an unliquidated claim cannot be set off against a mortgage indebtedness. In this respect equity follows the law unless some special equitable reason, such as the insolvency of the opposite party, exists. It was so held in the case of *Smith v. Billings,* 170 Ill. 543, which is strikingly similar to the instant case. We quote at length from the opinion of the court:

''The contention of appellant in the case at bar seems to be,—first, that because the suit to foreclose was in equity, and demands of appellant against ap-

pellee enforceable in equity, though in nowise connected, by agreement or otherwise, with the debt or the mortgage, could by answer and cross-bill be set off against the mortgage debt without showing the insolvency of appellee or other special equitable grounds for allowing such a set-off; and second, that sufficient special equity appeared to authorize the set-off when it appeared that if the set-off were not allowed a foreclosure and sale of appellant's homestead would follow. Neither of these positions is tenable. A set-off will not be allowed in equity where it would not at law, unless some special equity be shown. In the next place, the mortgage provided for foreclosure and sale of the property if the mortgage debt should not be paid, and the setting up in the cross-bill that such a result would follow in case the set-off should not be allowed would not, like the allegation of the insolvency or nonresidence of the opposite party, show any special equitable reason why equity should entertain the plea of set-off where it would not be entertained at law. In case of insolvency the cross-demand would be lost if the owner of it were not allowed to set it off against the demands of the insolvent against him; but in this case, so far as the pleadings show, any judgment or decree which the cross claimant may recover against his adversary can be readily collected, and no special equitable ground for allowing the set-off is shown, by alleging that the result contemplated in the contract will follow a default in payment of the mortgage debt.''

In the case of *Duncan Lumber Co. v. Leonard Lumber Co.*, 332 Ill. 104, the court goes still further in holding that section 47 of the Practice Act, Cahill's St. ch. 110, ¶ 47, does not authorize unliquidated damages arising out of a contract not connected with the subject matter of the plaintiff's suit, notwithstanding the nonresidence of the plaintiff; and in *Benedict v. Bear*,

252 Ill. App. 439, this court in a recent decision adopts a like construction of the Practice Act. In the absence of any special equitable ground, such as the insolvency of the complainant, we are of the opinion that Smith's unliquidated claim, however meritorious, could not be set off against the mortgage debt.

The remaining contention of defendants is that the complainant dismissed its bill as to the unknown owners. The bill referred to a trust deed executed subsequent to the one under foreclosure and made the holders of notes secured thereby parties defendant as unknown owners.

No proof was offered to support the allegations of the bill as to the interest of the unknown owners and no finding was made by the master with reference thereto. Prior to the entry of the decree, however, the complainant, in accordance with the approved practice in chancery, dismissed the unknown owners from the proceeding and the decree which was entered made no findings with reference to their interest. The cases of *Pearce v. Pearce,* 77 Ill. 284, and *Richardson v. Hadsall,* 106 Ill. 476, are to the effect that this procedure may properly be followed, and accordingly we find that the decree is not erroneous for this reason.

There being no other error assigned, the decree will be affirmed.

*Affirmed.*

Wilson, P. J., and Hebel, J., concur.