Marion Connors, Appellee, v. Board of Education of City of Chicago, Benjamin C. Willis, General Superintendent of Schools, and Stephen E. Hurley et al., Defendants. Board of Education of City of Chicago, Appellants.

Gen. No. 46,708.

First District, Second Division.

April 3, 1956.

Released for publication April 24, 1956.

Frank R. Schneberger, of Chicago, for appellant; Frank S. Righeimer, and Hugh M. Simborg, both of Chicago, of counsel.

Sigel and Albin, of Chicago, for appellee; Maurice Albin, of Chicago, of counsel.

JUDGE ROBSON delivered the opinion of the court.

This is an appeal from an order entering judgment on the pleadings issuing a writ of mandamus, directing and commanding defendant Board of Education to issue a voucher payable to plaintiff for salary withheld during an improper suspension period.

The record reveals that on April 6, 1953, defendant Benjamin C. Willis, General Superintendent of Schools, suspended the plaintiff, Marion Connors, a civil service school clerk, pending the institution of formal proceedings for the removal of plaintiff from the service of the Board of Education for cause. Authority for such action is found in sec. 4–6 of the Rules of the Board of Education of the City of Chicago (adopted pursuant to statutory authority of ch. 122, sec. 34—18, Ill. Rev. Stat. 1951):

"No civil service employee shall be removed except, as provided by Section 34–14 of The School Code, on written charges signed by the General Superintendent of Schools. The attorney shall sign the charges filed against civil service employees in the Law Department. Pending the hearing and final disposition of charges, the employee charged may be suspended by the General Superintendent of Schools or by the attorney, as the case may be, but, if acquitted, the employee shall not suffer any loss of salary by reason of the suspension."

No charges were ever filed and no hearing was had pursuant to sec. 4–6. Instead, the general superintendent notified the plaintiff by letter dated May 6,

1953, that her suspension under sec. 4–6, pending charges, had been changed to a disciplinary suspension for thirty days without pay, to operate retroactively from the date of the original suspension of April 6. The letter also directed the plaintiff to report to work at a new school on May 7, 1953. Defendant contends that authority to order such thirty-day disciplinary suspension without pay lies in sec. 4–5 of the Rules of the Board of Education:

"The General Superintendent of Schools may, as a disciplinary measure, suspend without pay, for a period not to exceed thirty days, any civil service employee under his charge and control. . . ."

Plaintiff returned to work on May 8, 1953. Subsequently, she requested a hearing on the alleged charges. This right was denied.

Plaintiff filed this action praying that a writ of mandamus issue commanding defendants to pay plaintiff her salary as a school clerk for the period during which plaintiff alleged she was improperly suspended. Defendants' answer denied plaintiff was entitled to the relief prayed and alleged that the thirty-day suspension without pay was in accordance with the provisions of sec. 4–5.

The sole question to be determined by us is whether the general superintendent, having ordered a suspension under sec. 4–6 pending removal for cause, upon deciding not to go through with the removal proceedings, can convert the sec. 4–6 suspension into a sec. 4–5 disciplinary suspension without pay.

The last sentence of sec. 4–6 states that "if acquitted, the employee shall not suffer any loss of salary by reason of the suspension." Upon being suspended under this section the plaintiff knew she would have to defend herself, and the Board's own rule guaranteed her no loss of salary if she was acquitted. She was not afforded an opportunity to obtain an acquittal

530

because of the action of the superintendent. Although the record in this case does not indicate the expenses incurred by the plaintiff, if any, between April 6 and May 6, it is conceivable that an employee could not only be deprived of thirty days' salary, but could also suffer substantial expense in the preparation of a defense.

This court cannot assume that there was good cause for the removal of the plaintiff from the civil service. Quite to the contrary, the defendants' decision not to press the charges, despite plaintiff's demand for a hearing, could be considered an admission that the charges were inadequate. A subsequent disciplinary suspension for thirty days without pay is not only inconsistent with such an admission, but it is also inconsistent with the salary guarantee of sec. 4–6. If an acquittal entitles an employee to recover lost salary, a voluntary dismissal of charges by the general superintendent should have the same effect.

We do not question the initial right of the general superintendent to suspend for thirty days without pay. He can do so without stating specific cause. Thomas v. City of Chicago, 194 Ill. App. 526. The general superintendent must, however, elect between a sec. 4–6 suspension pending removal and a sec. 4–5 disciplinary suspension without pay. Once he chooses the former he must carry the removal proceedings to a conclusion or dismiss the charges without prejudice to the salary rights of the employee. He cannot, however, dismiss the charges and avoid reimbursing the employee for salary withheld during the suspension pending removal by making it a disciplinary suspension, unless the employee stipulates to that effect.

Defendants argue that the action of the general superintendent was one of leniency; that he decided to give the plaintiff another chance and thus imposed a punishment less severe than removal. We are not impressed with this reasoning. Such conduct could be-

come a means of employee harassment that is not contemplated by the rules of the Board of Education, and is not consonant with the design of civil service.

Order affirmed.

McCORMICK, P. J. and SCHWARTZ, J., concur.