## General Platers Supply Company, Appellee, v. Charles F. L'Hommedieu & Sons Company, Appellant.

## Gen. No. 27,889.

1. SET-OFF, COUNTERCLAIM AND RECOUPMENT—*right to set-off unliquidated against liquidated demands where plaintiff nonresident.* A resident defendant sued by a nonresident corporation on an open account for goods sold and delivered may set off against plaintiff's demand an unliquidated demand for damages from breach of contract to sell defendant a certain number of specified articles at a specified price which necessitated the buying of such articles by defendant in the open market at a higher price.

2. ACCORD AND SATISFACTION—*sufficiency of proof.* The defense of accord and satisfaction is established, in an action against plaintiff on an open account for goods sold and delivered against which defendant claimed a set-off for damages from breach of an agreement to furnish it with a certain number of specified articles at a stated price where the evidence shows that the parties were in dispute as to the amount due from defendant to plaintiff because of such breach and that defendant sent plaintiff a statement of the account, giving itself credit for the amount of damages it claimed and showing a balance due less such credit; that at the bottom of the statement it was marked "check enclosed to balance acct. in full to date," that a check for the balance was inclosed which was also marked "in full of account to date" and a letter of like purport was sent with the check and statement and that plaintiff received, indorsed and deposited such check and got the money on it, and where the testimony of plaintiff's attorney that before depositing the check the quoted words were stricken from the check by the authority of defendant's treasurer given over the telephone, which is denied by such treasurer, who is corroborated by the details and circumstances.

3. APPEAL AND ERROR—*necessity for setting out questioned instructions in full in record.* Error in giving and refusing certain instructions will not be considered by the Appellate Court where such instructions are not set out in full but are referred to in argument only by their numbers.

Appeal by defendant from the Municipal Court of Chicago; the Hon. JOEL C. FITCH, Judge, presiding. Heard in this court at the October term, 1922. Reversed and remanded. Opinion filed February 19, 1923.

JOSEPH G. SHELDON, for appellant.

WILLIAM FRIEDMAN, for appellee.

MR. PRESIDING JUSTICE McSURELY delivered the opinion of the court.

Plaintiff, bringing suit for balance due on open account for goods sold and delivered, had a verdict for $5,361.84; from judgment thereon defendant appeals. There is no substantial dispute as to the items making up plaintiff's claim. The controverted point concerns a set-off claimed by defendant.

Defendant filed a set-off asserting that plaintiff was a corporation not residing in the State of Illinois, and having no officer or agent in this State on whom service of summons might be had; that it has been selling supplies to defendant for a number of years, and that there has been an open account between the parties, portions of which had from time to time been paid; that there was a contract between them whereby plaintiff agreed to sell and deliver to defendant a certain number of articles called "buffs" at a certain price and that plaintiff breached this contract by failing to make the deliveries called for, which compelled defendant to buy buffs in the open market at increased prices, to the damage of defendant, which, defendant claims, it should be permitted to set off against the amount due on plaintiff's claim. The affidavit of defense also asserted an accord and satisfaction. A number of amended affidavits of defense were filed and stricken, but eventually the case proceeded to trial solely upon the issue of accord and satisfaction, the trial court holding that defendant was not entitled to assert its claim of set-off, as this amount was unliquidated. The jury was of the opinion that accord and satisfaction were not proven, and judgment for plaintiff followed.

The general rule is that unliquidated damages can-

not be set off in an action of this kind, but defendant cites certain decisions of this court apparently holding that where a nonresident plaintiff brings an action at law against a resident defendant, the defendant may assert a claim of set-off even for unliquidated damages.

The decisions of this court have occasioned some uncertainty as to the law on this proposition. One of the first cases touching this question, decided by this branch of the court, was *Ideal Coated Paper Co. v. Cupples Envelope Co.*, 169 Ill. App. 484. Reference to that opinion shows, however, that the decision turned upon whether or not the claim of set-off was for unliquidated damages, and it was there definitely held that the claim involved was for liquidated damages and a proper subject of set-off. In *Nissly v. Wainer*, 211 Ill. App. 254, it was held that the set-off should be regarded in the nature of liquidated damages. In both of these opinions certain language was used indicating a favorable disposition towards the argument that unliquidated damages might be set off by a resident defendant against a nonresident plaintiff, and in *Guenther v. Miller*, 222 Ill. App. 653, it was so held. However, in *Hammans v. Powell Meyers Lumber Co.*, 220 Ill. App. 196, it seems to be decided otherwise, although the question was not directly involved, for it appears from the opinion that both parties, plaintiff and defendant, were nonresidents of Illinois. In *Gates Co. v. Armstrong Tire & Vulcanizing Co.*, 226 Ill. App. 633, while inclining to follow the *Guenther* case, *supra,* we held that defendant's set-off was for liquidated damages. We cannot consider this point as definitely established by any reported decisions in this State. There is unanimity as to what the law should be, and in Wisconsin the legislature has by statute declared that where the plaintiff is a nonresident, the defendant may assert any cause of action whatever arising within the State and existing at the commencement of the action. Wisconsin Rev. St. sec.

2656, subd. 3. In *Forbes v. Cooper,* 88 Ky. 285, the court declared this to be the rule in a forcible and persuasive opinion based upon reason and justice. The opinion concludes:

"The object of rules of practice is to secure justice, and while we think great respect and regard should be shown for the established ones of remoter times, yet it should not be done, in the absence of a statutory rule, at the expense of justice. For this reason many of the technical rules of a former day have been either modified or altogether disregarded. Our Code of Practice does not forbid one, when sued by an insolvent or a nonresident, from using defensively an unliquidated claim, although founded upon a transaction independent of the subject of the action; and in our opinion the ends of justice dictate that he should be allowed to do so. We perceive no principle of reason, justice or policy, superior to the considerations in favor of his being permitted to do so, when the equitable circumstances exist to which we have alluded."

A majority of this court is in accord with this reasoning, and we shall therefore hold that the trial court was in error in striking defendant's claim of set-off upon the ground that the damages were unliquidated.

There is, however, another and firmer basis which requires a reversal of the judgment. We are of the opinion that the greater weight of the evidence supported the defense of accord and satisfaction. When the parties were in dispute about their account, because of the claim that plaintiff had damaged defendant through breach of the "buffs" contract, it sent plaintiff a statement of the account, giving itself credit for the amount of damages claimed and showing, upon this basis, a balance of $2,650.46 owing to plaintiff. At the bottom of the statement were these words: "Check enclosed to balance acct. in full to date 2,650.46." The letter of defendant in which this was enclosed, dated September 17, 1920, reads:

"We enclose herewith our check for $2,650.46, to balance account to date. We also enclose an itemized statement showing how we derived at the above figures."

Enclosed was the check dated September 13, 1920, to order of plaintiff, for this amount, which bore the words: "In full of account to date." Plaintiff received same, indorsed and deposited it and received the money represented by it. This clearly includes all the elements necessary to establish accord and satisfaction, but plaintiff seeks to avoid this result by introducing evidence tending to show that before it deposited the check it struck therefrom the words, "In full of account to date," by virtue of authority to do this from Charles L'Hommedieu, defendant's treasurer, given by telephone to a Mr. Pennish, attorney for plaintiff, and who so testified. L'Hommedieu categorically denies Pennish's testimony on this point. He testifies that the matter of the amount of the check or anything with reference to striking out any of the words thereon was not mentioned to anyone. In this state of the record the jury were not justified in giving credence to plaintiff's version. There are a number of details and circumstances which tend to give greater weight to Mr. L'Hommedieu's story. He was fully aware that the acceptance of his check would settle the controversy, and it is hardly probable that he would have so readily waived the condition of the tender. In the very recent case of *Wiederhold v. Wiederhold*, 305 Ill. 429, the court says:

"We have repeatedly said that when an attorney assumes the double burden of representing his client and furnishing evidence to insure success in the litigation, little weight is to be given to his testimony. *Eshelman v. Rawalt*, 298 Ill. 192; *Wright v. Buchanan*, 287 Ill. 468; *Ravenscroft v. Stull*, 280 Ill. 406."

The trial court should have allowed the motion for new trial upon the ground that the verdict was against the preponderance of the evidence with respect to the issue of accord and satisfaction.

Counsel for defendant has questioned some of the instructions given and refused, but in argument presents them only by number. This is not the proper way to present instructions for consideration by this court. Instructions of which complaint is made should be set out in full, followed by definite and clear reasons supporting the alleged errors incident thereto.

Some complaint is made as to the rulings of the court upon the admission of testimony, but such errors, if any, will probably not occur again upon the next trial.

For the reasons above indicated the judgment is reversed and the cause is remanded.

*Reversed and remanded.*

DEVER, J., concurs.

MATCHETT, J., concurs in part: I concur in the conclusion reached that the judgment should be reversed because the greater weight of the evidence tended to show an accord and satisfaction.