The Roy Iverson Company, Appellee, v. United States Lloyds, Inc., Appellant.

Gen. No. 32,923.

Heard in the first division of this court for the first district at the October term, 1928. Opinion filed January 21, 1929.

Wolf & Love, for appellant; Alexander Wolf, of counsel.

Harry A. Biossat, for appellee.

Mr. Presiding Justice O'Connor delivered the opinion of the court.

Plaintiff brought an action on an insurance policy to recover a fire loss on automobiles. There was a verdict and judgment in plaintiff's favor for $4,085.46. The defendant appealed to this court, where the judgment was reversed and the cause remanded for a new trial—*The Roy Iverson Co. v. United States Lloyds, Inc.*, 246 Ill. App. 628 (abst.). Upon a retrial of the case there was again a verdict and judgment in plaintiff's favor for the same amount and the cause is brought here again by the defendant.

In the opinion rendered on the former trial we said: "There were submitted to the jury those vital questions of fact: (1) Was proper notice given to the defendant of the location of the burned automobiles at a place other than that named in the policy? (2) Was Mr. Throop, an insurance broker, the agent for the defendant with power to accept notices and premiums? (3) Were the monthly statements of plaintiff of automobiles on hand correct, or were they false so as to constitute an evasion under the terms of the policy? And (4) Were the premiums paid?"

The judgment was reversed on the former appeal for the undue and frequent interruptions of the trial judge which prevented a fair and impartial trial.

On the vital questions mentioned in the above quotations from our former opinion, evidence was offered by both sides. There was a conflict in the evidence and the issues were submitted to the jury which found in favor of the plaintiff.

The record discloses that on November 29, 1924, the defendant issued its fire insurance policy covering au-

tomobiles owned by plaintiff. The policy is a dealers' monthly average rate policy, the monthly rate being fixed according to the value of the automobiles covered. The policy was for a period of one year and contained the following provisions: "This policy shall cover . . . all automobiles . . . owned by the Assured . . . while said property is in the actual possession of the Assured . . . at any location which is not excluded by the term of this policy.

*"Named Locations.* All locations owned, rented or controlled, wholly or in part, by the Assured as places of storage of automobiles at the date of inception of this policy shall be specified herein, and all such locations so used by the Assured during the currency of this policy shall be reported to the Company within forty-eight hours after the commencement of such use. No liability shall attach hereunder at any such location not specified herein, or reported to this Company, except for the period of forty-eight hours as referred to herein. The Assured shall promptly notify the Company of the discontinuance of the use of any locations that have been reported to the Company.

*"Limits of Liability.* The liability of this company for loss or damage under this policy from any one casualty shall be limited as follows: . . .

"Not exceeding $50,000.00 at 2330 S. Michigan Ave., Chicago, Illinois."

A further provision of the policy required the assured on or before the 15th of each month to render to the insurance company a statement showing the actual cash value of all the property covered by the risk at the close of business on the last day of the preceding month, and further provided that the insurance company, through its agent, should at all reasonable times have access to the assured's books and that any evasion or attempted evasion by the assured in connection with the monthly statements or payments of premiums should render the policy void.

The evidence shows that the Tennant Finance Corporation, which apparently financed the purchase and sale of automobiles, had and conducted an insurance department, which was in charge of Robert S. Throop. The defendant's local agent in Chicago was Colin McK. Tennant. Throop obtained the policy and delivered it to the plaintiff, collected the monthly premiums and turned them over to the defendant's agent. There is evidence to the effect that Throop called at plaintiff's place of business and obtained the monthly statement from plaintiff and endeavored to collect the monthly premiums, some of which the evidence shows he collected and turned over to the defendant. George B. Campbell, a witness for the defendant, testified that he was connected with defendant's local agent in Chicago and signed the policy in question for the defendant. He testified that the representative of Tennant Bros. (Throop) was supposed to get monthly statements on behalf of the defendant company from the plaintiff. There is much more evidence in the record showing what Throop did in the matter which would warrant any jury in finding that he was the agent and representative of the defendant in delivering the policy, examining plaintiff's books, getting monthly statements and premiums, etc. The fact that he calls himself a broker does not in any way tend to show that he was not the representative of the defendant in the instant case. There is no magic in the term ''broker'' that will permit an insurance company to hide behind him in case of a loss and insist that he is the representative of the assured, as is too often sought to be done, and is the fact in the instant case.

Of course, there was evidence on the other side to the effect that premiums had not been paid; that statements had not been given to Throop, and in fact most of the evidence offered by the plaintiff was contradicted, so that the case was a proper one for the jury. Upon a careful consideration of all the evidence in the

record, we are of the opinion that the jury was warranted in returning its verdict in favor of the plaintiff. It is certain that we would not be warranted in holding that its verdict is against the manifest weight of the evidence.

The automobiles which were destroyed by fire on July 3, 1924, were located at No. 2431 South LaSalle Street, and the defendant contends that the policy did not cover these automobiles but only those located at No. 2330 South Michigan Avenue, as expressly stated in the policy. We have above quoted material provisions of the policy, from which it appears that at the time the policy was issued it covered the automobiles of the plaintiff then located at No. 2330 South Michigan Avenue; but it provided that in case plaintiff's automobiles were placed in any other premises the company should be notified of this fact within 48 hours. One of the provisions in this respect is that ''no liability shall attach hereunder at any such location not specified herein or reported to this company.'' Plaintiff offered evidence tending to show that on a number of occasions in February, 1924, it notified Throop that it had automobiles located at the LaSalle Street number and that Throop replied that that was all right. Throop denied this, so that the question was for the jury to decide, and if Throop was an agent of the company, to whom notice might be given, as we hold he was under the evidence disclosed in the record, then this would be notice to the company, notwithstanding the provision in the policy that no notice would be binding unless written in or attached to the policy. *Dwelling House Ins. Co. v. Dowdall,* 159 Ill. 179; *Phenix Ins. Co. v. Grove,* 215 Ill. 299.

The testimony on the question as to whether the monthly statements rendered by plaintiff to the defendant, showing the value of the automobiles on hand and on which the premiums were based, was false so as to constitute an evasion under the terms of the policy,

and whether such premiums were paid was conflicting, as was also the evidence on the question whether plaintiff owned one of the four automobiles claimed to have been destroyed by the fire. We have carefully considered all the evidence in the record on these questions, and while some of them are not free from doubt, we are of the opinion that all of the questions were for the jury to decide, and we are unable to say that the verdict of the jury in favor of the plaintiff on these questions is against the manifest weight of the evidence.

Complaint is also made of the rulings of the court on the admission of evidence and the argument is that Iverson, the witness for the plaintiff, was asked leading questions as to the value of the automobiles destroyed. We think there is no merit in this. Complaint is also made that when counsel for the defendant cross-examined Throop the court sustained plaintiff's objection to a question put to this witness on the ground that he was a hostile witness. We think this is a misapprehension as to what the record discloses. The question asked was: "You were the broker in this case, weren't you?" And it was the objection to this question that the court sustained and properly so, because it called for a conclusion. Plaintiff was seeking to prove that Throop was the agent of the defendant in what he did in the transaction, and not technically a broker. Another question asked Throop (and of which complaint is made to the sustaining by the court of objections to it) was as to why Throop charged off a certain premium shown to be due under the policy. Whatever error there was in this ruling was cured by the fact that the witness later testified that he had charged the amount off their books because he could not collect it from plaintiff.

The defendant further contends that the court erred in refusing certain instructions offered. The abstract fails to show at whose request such instructions were

submitted, so that we are unable to pass upon them intelligently. Moreover, in the argument of counsel, the instructions are referred to only by number. This is improper argument, as we held in *General Platers Supply Co. v. Charles F. L'Hommedieu & Co.*, 228 Ill. App. 201. We there said: "Counsel for defendant has questioned some of the instructions given and refused, but in argument presents them only by number. This is not the proper way to present instructions for consideration by this court. Instructions of which complaint is made should be set out in full, followed by definite and clear reasons supporting the alleged errors incident thereto." But if we assume that the refused instructions were all requested by the defendant, we think there was no error in the refusal of them. Refused instructions Nos. 1 and 2 were to the effect that a provision of the policy could not be waived unless such waiver was written in or attached to the policy. From what we have already said, it is obvious that these instructions were wrong. So is refused instruction No. 3, by which it was sought to tell the jury that plaintiff could not recover if the fire which destroyed the automobile did not occur at No. 2330 South Michigan Avenue. Refused instruction No. 4 stated in substance that plaintiff was bound by the terms and conditions of the policy and that by the policy any evasion or attempted evasion by plaintiff in connection with the monthly statements or payments of premiums should void the policy and should be an absolute defense, and that if the jury believed from the evidence that plaintiff made or attempted any evasions of premiums, then they should find for the defendant. The jury was not advised as to what would constitute an evasion. Moreover, the first part of the instruction said that plaintiff was bound by the terms and conditions of the policy, and as we have held, he was not bound by those provisions of the policy as written, be-

cause one of them was waived. Under the circumstances as disclosed by the evidence, there was no written waiver attached to the policy showing that plaintiff's automobiles were stored on LaSalle Street, but information to this effect was brought home to the defendant through its agent Throop. The instruction was indefinite, erroneous and misleading. And refused instruction No. 5 was to the effect that a broker is not the agent of the insurance company as a matter of law. This obviously was wrong for the reasons above stated.

Nor are we able to say that the verdict is excessive. There was evidence tending to show that the value of the cars destroyed was the amount of the verdict, and that four cars were destroyed. The fact that there was conflicting evidence does not warrant us in disturbing the verdict of the jury where, upon a careful consideration of all the evidence, we are unable to say that the verdict is against the manifest weight of the evidence.

The judgment of the superior court of Cook county is affirmed.

*Affirmed.*

McSURELY and MATCHETT, JJ., concur.