Ruth E. Zorger, a Minor, by George F. Zorger, Her Next Friend, Plaintiff in Error, v. Hillman's, Defendant in Error.

Gen. No. 38,979.

Opinion filed November 30, 1936.

A. W. MARTIN, EDWARD H. S. MARTIN, and JOHN B. KING, all of Chicago, for plaintiff in error.

CASSELS, POTTER & BENTLEY, of Chicago, for defendant in error; KENNETH B. HAWKINS and ROBERT B. JOHNSTONE, both of Chicago, of counsel.

MR. JUSTICE MCSURELY delivered the opinion of the court.

Plaintiff alleged that she ate some pork bought at defendant's store which gave her trichinosis; the jury found the defendant not guilty, and plaintiff appeals from the judgment on the verdict.

The gist of the defense was the testimony of physicians tending to show that plaintiff could not have contracted trichinosis from this pork.

On the afternoon of September 26, 1931, plaintiff's mother and father called at defendant's store in Chicago and purchased a pork loin which was taken home, cut into chops and fried by the mother. Plaintiff says that at about eight o'clock on that same evening she ate a chop and a half and at six o'clock the next evening became acutely ill, suffering extensive nausea and diarrhea; that she had cramps in the muscles of the arms and legs on this evening and her eyes became puffy; that she grew worse and on October 2nd was taken to the Cook county hospital where her illness was diagnosed as trichinosis. The mother testified that she fried the chops over a gas flame turned on full force; that they were cooked for approximately 15 minutes, browned on both sides, and the meat was white all the way through—no blood or rareness in the chops after they were cooked.

The greater weight of the medical testimony tended to prove that the symptoms of which plaintiff complained as occurring less than 24 hours after she had eaten the chops, could not possibly occur earlier than 36 to 72 hours after eating pork containing trichinae, according to the testimony of the doctors called by plaintiff, and not earlier than three to six days thereafter, according to the doctors called by defendant. These doctors also said that the severe pains in her muscles and the puffing of her eyes could not occur before six to 14 days after eating the pork if it contained trichinae.

Dr. Raffensperger, who was with the United States Department of Agriculture (Biological Division of Animal Research) evidently well qualified after many years of experience, testified that trichinosis is a disease caused by the microscopic parasite trichinae; that its presence can be detected only by microscopic examination; that extensive experiments and investigations showed a failure of this test to discover trichinae so as to protect the consumer, and the Government thereupon abandoned it and undertook a campaign to teach that all pork should be cooked before eaten. Cooking pork so that there is no blood or rawness in it renders it wholesome and fit for food. The evidence in this case shows that the chops were thoroughly cooked, and therefore, under the testimony of the doctors, could not contain trichinae capable of infecting plantiff.

The testimony as to trichinae was voluminous and we have only outlined it. The jury heard it and had the opportunity to observe the witnesses who testified. It accepted defendant's theory and we cannot say its verdict is against the manifest weight of the evidence.

Counsel for plaintiff criticizes instructions given on behalf of defendant and the refusal of the trial court to give one requested by plaintiff. These instructions are not set out in the brief. It has been repeatedly held that instructions of which complaint is made should be set out in full in the brief, followed by definite and clear reasons supporting the alleged errors incident thereto. *General Platers Supply Co. v. L'Hommedieu & Sons Co.*, 228 Ill. App. 201; *Harris v. Piggly Wiggly Stores, Inc.*, 236 Ill. App. 392; *Spencer v. Chicago & N. W. Ry. Co.*, 249 Ill. App. 463; *Roy Iverson Co. v. U. S. Lloyds, Inc.*, 251 Ill. App. 150; *Cory v. Woodmen Accident Co.*, 253 Ill. App. 20; *In re Estate of Wood v. Tyler*, 256 Ill. App. 401.

However, we have examined in the abstract the instructions of which complaint is made and find no

reversible error in this respect. The point of the criticism as to given instruction No. 18 is that it told the jury plaintiff must show that the meat sold by defendant was unfit for consumption by human beings after being cooked to 137 degrees Fahrenheit. Plaintiff says that the Criminal Code, ch. 38, ¶ 19, Ill. State Bar Stats. 1935, forbids selling any flesh of any diseased animal, and that this has been construed in *Wiedeman v. Keller,* 171 Ill. 93, as forbidding the sale of pork containing trichinae, regardless of the fact that ordinary cooking will make it harmless. The cited case does not so hold, but in apt language says "that the article sold be sound and fit for the use for which it was purchased." The use for which pork is purchased is to eat it cooked, not raw. A number of cases in other jurisdictions involved the scientific facts relating to trichinae and these decisions support our view that pork chops are not sold to be eaten raw, and that the wholesomeness required by our pure food statute means that pork is fit for food when properly cooked. *Feinstein v. Daniel Reeves, Inc.,* 14 F. Supp. 167; *Dressler v. Merkel, Inc.,* 284 N. Y. S. 697; *Tavani v. Swift & Co.,* 262 Pa. 184; *Cheli v. Cudahy Bros. Co.,* 267 Mich. 690.

Moreover, plaintiff's given instructions Nos. 19 and 22 are upon the theory that the pork was to be cooked to be rendered wholesome for food. As to the other instructions we find nothing requiring comment. They are for the most part stock instructions which have been repeatedly approved by the courts.

Both plaintiff's mother and father testified that they did not eat any of the pork. There was evidence that the dog ate of the pork, and upon motion the court struck out this latter evidence. Plaintiff now argues that he expected to show that the dog became infected with trichinae and died, but the record fails to show

that any offer of such proof was made upon the trial. Other objections are made as to the rulings of the court upon the evidence but we find nothing of sufficient importance to require a reversal.

The question submitted to the jury was one of fact and the evidence on behalf of the defendant amounted almost to a demonstration that plaintiff did not suffer trichinosis by reason of eating the pork in question. Regardless of errors upon the trial, the jury could not properly have brought in any other verdict. The judgment is therefore affirmed.

*Affirmed.*

MATCHETT, P. J., and O'CONNOR, J., concur.