Julius Crisler, Administrator of Estate of Donald Crisler, Deceased, Appellant, v. George Zahart, Appellee.

**Gen. No. 42,331.**

Opinion filed March 22, 1943.

CASSELS, POTTER & BENTLEY, of Chicago, for appellant; L. H. VOGEL and ANTHONY S. RAS, both of Chicago, of counsel.

BEVERLY & KLASKIN, of Chicago, for appellee; SAMUEL T. KLASKIN, of Chicago, of counsel.

Mr. Justice O'Connor delivered the opinion of the court.

Plaintiff, as administrator of his deceased son's estate, brought suit under the statute to recover for the wrongful death of his son claimed to have been caused by the negligence of defendant. There was a jury trial, a verdict and judgment in defendant's favor and plaintiff appeals.

The record discloses that about 4 o'clock on the afternoon of February 19, 1940, Donald Crisler, a boy 8 years and 11 days old, and Robert Fields, his cousin, then a little over 7 years old, were crossing State street from east to west on the south crosswalk at 41st street. The Crisler boy who was a few steps ahead of the Fields boy, was struck and instantly killed by a Ford truck being driven south by defendant. There is some evidence to the effect that the front part of the truck struck him, while the further evidence tends to show that he was struck by the left side of the truck.

There are two lines of street cars in State street. The motorman of a southbound street car, called by plaintiff, testified that quite a distance north of 41st street he stopped his street car to let a few people get off the front platform; that he then started up and was going about 30 miles an hour when defendant's southbound truck passed him to the right or west; turned to the left and straddled the west rail; that he increased the speed of the street car but the truck drew away from him and was going from 40 to 45 miles an hour and was a considerable distance ahead of him when it suddenly stopped near the south crosswalk of 41st street after having veered toward the right or west. That he saw them take the deceased from near the rear end of the truck.

Defendant who was driving the truck, took the witness stand but on objection, was not permitted to testify. While the evidence is not clear, we think it appears that John Coley was with him in the truck at

the time and there is evidence that they were unable to locate Coley at the time of the trial, which began September 25, 1941, a year and 7 months after the accident. The date when the witness testified that he was unable to locate Coley was not mentioned.

Plaintiff contends (1) that the court erred in admitting what is designated defendant's Exhibit 5, which purports to be a report made by an officer of the Accident Prevention Division of the Police Department shortly after the accident occurred and is in the form of questions and answers put to Robert Fields. Robert Fields had been called by plaintiff and testified and when defendant was putting in his evidence, a policeman was called and he identified the document. Plaintiff's objection to the introduction of this document was that it was being introduced for the purpose of impeaching the Fields boy and it had not been presented to the boy when he was on the witness stand. (2) That the Judge erred in commenting on the fact that defendant could not testify under the law when he said, in explaining to the jury the reason that defendant could not testify: "So the jury will understand, when death seals the lips of the deceased, he is unable to be in court, and the law seals the lips of the other party because after death that closes it up. It is unfortunate, but that is the law, so that the truck driver will not be able to testify." And (3) plaintiff contends that the verdict is against the manifest weight of the evidence. We think the latter contention must be sustained and since there must be a retrial, we refrain from discussing the evidence in detail except to say that it appears there was no other traffic in the street at the time, the visibility was good and the evidence of the motorman is to the effect that the truck was being driven at from 40 to 45 miles an hour. This shows that defendant was guilty of negligence which proximately contributed to the fatal accident, and under the law and the evidence, we think it cannot be said that

the deceased boy did not exercise the degree of care for his own safety.

The other two errors complained of can easily be obviated on the retrial. On the question of the admissibility of the exhibit see *Koch v. Pearson,* 219 Ill. App. 468.

Before disposing of the appeal we think we ought to say that counsel for plaintiff complain of the giving of two instructions at defendant's request which they argue were erroneous in view of the admission of defendant's Exhibit 5. In reply counsel for plaintiff say that under a number of holdings of the Appellate Court it has been said that it is not proper practice to refer in the brief to the instructions by number only, but that they should be set out in full, followed by argument, pointing out the errors complained of. There are a number of Appellate Court cases which use this language in substance but in none of them was the judgment disturbed on that ground. In *Zorger v. Hillman's,* 287 Ill. App. 357, we refer to a number of Appellate Court decisions in which similar language was used, but continuing we said: ''we have examined in the abstract the instructions of which complaint is made and find no reversible error in this respect.'' We think we ought to now say that it is not necessary to set out the instructions in full in the brief, but it is sufficient to point to the abstract where the particular instructions appear. Of course the errors complained of must be specifically pointed out in the argument.

The judgment of the circuit court of Cook county is reversed and the cause remanded.

*Reversed and remanded.*

Matchett, P. J., and McSurely, J., concur.

We have examined that part of the foregoing opinion and agree with what is there said—that objections to instructions may be urged although they are not set out in full in the brief.

JOHN J. SULLIVAN, P. J., Second Division,
HUGO M. FRIEND, J.,
KICKHAM SCANLAN, J.,

JOSEPH BURKE, P. J., Third Division,
OSCAR HEBEL, J.,
ROGER J. KILEY, J.