Williams, J.,
 

 concurring. In this case we are concerned with a situation in which the seller sold and the buyer bought fresh pork as such.
 

 Section 12760, General Code, reads:
 

 “Whoever sells, offers for sale or-has in possession with intent to sell, diseased, corrupted, adulterated or unwholesome provisions without making the condition thereof known to the buyer, shall be fined not more than fifty dollars or imprisoned twenty days, or both.”
 

 Pork infested with parasites known as trichinae may be said to be unwholesome before the parasites are destroyed, but can hardly be said to be diseased, corrupted or adulterated.
 

 Criminal intent and knowledge of the unwholesomeness are not essential ingredients of the offense. However, such a statute is not an unreasonable exercise of the police power when construed so as not to include a condition impossible of ascertainment by practicable methods.
 

 Fresh pork, containing trichinae, may, when eaten, cause sickness or even death. The parasites may be destroyed by freezing the meat for twenty days at five degrees above zero Fahrenheit, or by cooking at a' heat of 137 degrees. Then the meat is no longer fresh
 
 *636
 
 pork but is processed pork. It is a matter of common knowledge that pork should not be eaten without thorough cooking. Inspection is of no avail because there is no practicable way of ascertaing the presence of the parasites. Neither the buyer nor the seller knows or can know that trichinae are not present without a microscopic examination of the meat after it is torn into very small pieces. The common safeguard is cooking, and this is the responsibility of the consumer.
 

 The seller of unwholesome meat does not violate Section 12760, where he informs the buyer of the unwholesomeness. Though the seller is bound to discover the unwholesome condition where ascertainment is practicably possible and make known the condition to the buyer, the seller is not bound to ascertain and advise the buyer of a condition that is beyond the possibility of discovery. What, then, can such a statute accomplish in the way of preserving life and health as against trichinae, when construed so as to include sales of fresh pork in which trichinae are present without the knowledge of the seller? Nothing. Sales will go on and the victims may prosecute the sellers for what they cannot avoid. This court has held with respect to penal safety statutes that a driver of a motor vehicle is not required to do the impossible.
 
 Kormos
 
 v.
 
 Cleveland Retail Credit Men’s Co.,
 
 131 Ohio St., 471, 3 N. E. (2d), 427;
 
 Kohn, Admx.,
 
 v.
 
 B. F. Goodrich Co.,
 
 139 Ohio St., 141, 38 N. E. (2d), 592;
 
 Satterthwaite
 
 v.
 
 Morgan, Jr.,
 
 141 Ohio St., 447, 48 N. E. (2d), 653. There is no apparent reason why the same rule should not apply to penal pure-food statutes. See
 
 Dressler
 
 v.
 
 Merkel, Inc.,
 
 284 N. Y. Supp., 697, affirmed without opinion, 272 N. Y., 574, 4 N. E. (2d), 744;
 
 Cheli
 
 v.
 
 Cudahy Bros. Co.,
 
 267 Mich., 690, 255 N. W., 414;
 
 Feinstein
 
 v.
 
 Daniel
 
 
 *637
 

 Reeves, Inc.,
 
 14 F. Supp., 167;
 
 Zorger, a Minor,
 
 v.
 
 Hillman’s,
 
 287 Ill. App., 357, 4 N. E. (2d), 900; 1 Shearman & Redfield on Negligence (Rev. Ed.), 12, Section 6.
 

 The statute must be construed so as to be a reasonable exercise of the police power to save its constitutionality. See
 
 Froelich
 
 v.
 
 City of Cleveland,
 
 99 Ohio St., 376, 124 N. E., 212;
 
 Direct Plumbing Supply Co.
 
 v.
 
 City of Dayton,
 
 138 Ohio St., 540, 38 N. E. (2d), 70, 137 A. L. R., 1058.
 

 In
 
 Kurth, Admx.,
 
 v.
 
 Krumme, post,
 
 638, the action involved metwurst which was sold with the understanding that it had been so processed that it could be safely eaten without further cooking. The case was, therefore, unlike the instant case. :
 

 In
 
 Wolfe
 
 v.
 
 Great Atlantic & Pacific Tea Co., post,
 
 643, there was involved the sale of canned peaches by a retailer who had nothing to do with the canning. The rule would be substantially the same as in the sale of fresh pork.
 

 In the instant case plaintiff’s special request was grounded upon negligence
 
 per se
 
 for the violation of Sections 12758 (which must be read in the light of kindred Sections 5774, 5775 and 5778, General Code) and 12760, General Code. Fresh pork, infested with trichinae, is not “adulterated” within the meaning of that word as used in Section 12758 and such kindred sections. Therefore those sections do not apply. Since there was as a matter of law no violation of Section 12760, it was not error to refuse the special request.