**GRAND OPERA CO.**

v.

**TWENTIETH CENTURY–FOX FILM CORP.**

No. 11663, 11664.

United States Court of Appeals Seventh Circuit.

July 16, 1956.

**304**

Thomas C. McConnell, Chicago, Ill., Everett Prosser, Carbondale, Ill., William M. Wolff, Chicago, Ill., for plaintiffs-appellants.

Harold G. Baker, John M. Ferguson, Saul E. Cohn, East St. Louis, Ill., Walter R. Mayne, St. Louis, Mo., R. E. Costello, Leigh M. Kagy, East St. Louis, Ill., for Fox Midwest Amusement Corp. Baker, Kagy & Wagner, East St. Louis, Ill., of counsel.

Fred W. Schwarz, St. Louis, Mo., for Twentieth Century-Fox Film Corp., and others. Fordyce, Mayne, Hartman, Renard & Stribling, St. Louis, Mo., Kramer, Campbell, Costello & Wiechert, East St. Louis, Ill., of counsel.

Before MAJOR, LINDLEY and SCHNACKENBERG, Circuit Judges.

SCHNACKENBERG, Circuit Judge.

On November 18, 1955 plaintiffs filed a notice of appeal from an order entered by the district court on October 24, 1955, which dismissed plaintiffs' amended complaint on the ground that it did not state a claim upon which relief could be granted.

The amended complaint was filed February 25, 1955 and consists of four counts.

In count I, Grand Opera Company, a corporation, plaintiff, complains of Twentieth Century-Fox Film Corporation; Warner Bros. Pictures Distributing Corporation; Universal Film Exchange, Inc.; Paramount Film Distributing Corporation; Allied Artists Pictures, Inc.; Republic Pictures Corporation; RKO Radio Pictures, Inc.; Loew's Incorporated; United Artists Corporation; Columbia Pictures Corporation,[1] and Fox Midwest Amusement Corporation, and alleges that Grand Opera Company has since 1917 owned and operated Marlow's Theater in Herrin, Williamson County, Illinois; that Marlow's is a large modern building with 1,400 seats, equipped to exhibit feature first-run motion pictures, is located in Herrin's business district, and has a drawing potential from among persons residing within a radius of 25 miles.

It is further alleged that Fox Midwest Amusement Corporation[2] operates the-

1. Hereinafter sometimes described as "producing and distributing corporations".

2. Sometimes referred to herein as "Fox Midwest".

aters in various parts of the United States and owns and operates the Strand Theater and the Roxy Theater in the city of West Frankfort, Illinois, and the Orpheum Theater in the city of Marion, Illinois; that West Frankfort is 11 miles from Herrin and Marion is 10 miles from Herrin; that the Fox Midwest theaters in West Frankfort and Marion are in direct competition with plaintiff's theater; that said cities are connected by concrete public highways, and there is an interflow of people between said cities for business purposes of all kinds, including patronage at first-run motion picture houses; that located between said cities there are smaller towns and villages with numerous residents all of whom are patrons in the trade area comprised by West Frankfort, Herrin and Marion; and the theaters of Fox Midwest are in the competitive trade area of plaintiff's theater.

It is also alleged that, beginning in the year 1951 and continuing to the present time, the plaintiff has been forced by the producing and distributing corporations to bid competitively for first-run feature pictures with the Egyptian Drive-In Theater, located about 5 miles from the city of Herrin; that all first-run feature pictures offered to plaintiff were subject to said limited competitive bidding, with the result that the plaintiff was required to bid against one of its competitors but was not allowed to bid against its other competitors in the established competitive trade area, said other competitors being the theaters owned and operated by Fox Midwest, and that upon the institution of this limited bidding practice, and continuing to the present time, the plaintiff has made request of each and every one of the producing and distributing corporations, for the right to bid competitively for first-run pictures, not only against the Egyptian Drive-In Theater, but against all other first-run feature theaters in its trade area, which includes the theaters owned and operated by Fox Midwest. It is also alleged that such requests were either ignored or denied. The count sets forth that this system of unlawfully imposed limited bidding unreasonably favors said plaintiff's competitor, granting such competitor dominance in obtaining first-run pictures, with the intent to deprive the plaintiff of business, and to injure plaintiff, and is a violation of the antitrust laws cited; that the illegal system created by the restricted and limited bidding practices, which leaves free from "competitive bidding" other competing theaters in the trade area, was a discrimination against the plaintiff and was and is an unlawful restraint of trade in interstate commerce, creates and continues to be an economic burden on said plaintiff, and has given an economic advantage to Fox Midwest, and that said system was set up by virtue of a conspiracy which existed between the defendants named in the amended complaint.[3]

Said plaintiff charges that, as a result, it has suffered losses to the extent of $300,000, and it therefore seeks treble damages and attorneys' fees and costs.

Count II asserts that Marlow's Amusement Corporation, another plaintiff, owns and operates Marlow's Drive-In Theater, near Herrin, and has so owned and operated it since May 7, 1949; that it is a modern drive-in theater accommodating 1,000 cars, being one of the finest in southern Illinois.

This count realleges the conspiracy and discrimination allegations of count I and charges that as a result thereof said plaintiff has suffered substantial losses in business, etc. to the extent of $100,000. This count also seeks treble damages, attorneys' fees and costs.

Counts III and IV repeat the conspiracy and discrimination allegations in count I and ask for injunctive relief on behalf of both plaintiffs and against all the defendants.

Fox Midwest filed a motion to dismiss on the ground that the complaint fails to state a claim upon which relief can be granted, etc. Allied Artists Pictures filed a similar motion to dismiss and the other producing and distributing corpo-

---

3. The date of the making of the conspiracy is not stated.

rations filed a separate motion to dismiss or in the alternative for summary judgment.[4]

On October 24, 1955, the district judge filed an opinion in which he concluded that "the amended complaint is dismissed as not stating a claim upon which relief can be granted". In the course of his opinion he said that motions to dismiss filed by all the defendants rest on various grounds, chief of which is that the amended complaint fails to state a claim upon which relief can be granted. The judge referred to the allegations in the amended complaint as to the location of Herrin, West Frankfort and Marion and the connecting paved highways, said to constitute the same trade area, and the allegation of direct competition of the Fox Midwest theaters in the first named cities with plaintiffs. He stated that he did not decide on defendants' argument that the discrimination through competitive bidding as alleged "is but a continuance of the discriminatory practices forever settled between the parties in the 1947 cases." He stated that "This defense will better be presented as an affirmative defense if and when this case is brought to actual trial."

After referring to the charges in the amended complaint, he stated that "For the purpose of the motions before the court I have considered the amended complaint as charging a conspiracy to discriminate against plaintiffs begun in 1951 through the imposition of the alleged requirement that plaintiffs bid for first-run pictures with or against Egyptian Drive-In Theater without permitting plaintiffs to bid competitively for first-run pictures against the theaters of Fox Midwest located in Marion and West Frankfort. I have assumed as true that this practice has resulted in loss to the plaintiffs and has been to the advantage of the said theaters of Fox Midwest; also that interstate commerce has been affected."

The court stated that he took judicial notice that the cities of Herrin, Marion and West Frankfort are incorporated municipalities each separated from the others by several miles of rural area in which are located certain small villages; Herrin and Marion are in Williamson County of which Marion is the county seat, while West Frankfort is in Franklin County, approximately 12 miles directly north of Marion and 7 miles directly south of Benton, the county seat of Franklin County, the first-named three cities being so located as to form an irregular triangle of which Herrin is the western apex; the general census of 1950 listed the four cities as having populations as follows: Herrin, 9,331; Marion, 10,459; West Frankfort, 11,384, and Benton, 7,848.

The court stated that, though it be true that the three cities in question lie in a competitive trade area and because of connecting highways the theaters in Marion and West Frankfort are in direct competition with those in Herrin, "reason teaches" that such competition cannot be as direct or of the same character as the competition between theaters of similar size and quality lying in or near and serving the same city. The fact that competitive bidding is required between the theaters in and near Herrin under conditions which prevail there does not demand that the requirement be extended to theaters in other and distinct municipalities separated by rural areas

4. Grounds for the summary judgment are that the amended complaint fails to state a claim against defendants upon which relief could be granted for the following reasons:

 (a) That the claims made in plaintiff's complaint had been previously adjudicated by judgments entered in causes docketed as Civil Nos. 1509 to 1515, inclusive, and were, therefore, res adjudicata to the action under the present complaint.

 (b) The claims made in plaintiffs' complaint have been fully and permanently released, satisfied and discharged by written releases.

 (c) The claims attempted to be set out in the amended bill of complaint and as supported by the plaintiff's testimony on file by deposition in the cause, clearly show that the same are barred by the Statute of Limitations.

just because they are located in the same general trade area and thus are competitors for the theater patronage throughout the area. The court concluded [137 F.Supp. 311]: "Nor has any authority been produced which holds that because a system of competitive bidding has been established between competing, separately owned theaters in one municipality that a court of equity has power to require that competing theaters in other municipalities in the same trade area be included in such requirement." He added that "The amended complaint seems inadequate, also, in that it fails to state any facts from which it may be concluded that the public interest has been injuriously affected by the alleged conspiracy or that Fox Midwest has had any part in it except the bare allegation that the conspiracy was between the distributor defendants and Fox Midwest."

 1. It is elementary that the district judge, in considering the motions to dismiss the amended complaint, had no right to consider any facts except those well-pleaded in the amended complaint. He had no right to hear evidence. He had no right to take judicial notice of anything, with the possible exception of facts of common knowledge which controvert averments set up in the amended complaint. Judicial notice is merely a substitute for the conventional method of taking evidence to establish facts. Subject to that possible exception, he was required to apply the existing law to the facts well-pleaded in the amended complaint.[5] In determining whether plaintiffs were entitled to relief on those facts he was not permitted to resort to the dictates of his own reason, to the exclusion of controlling principles of law embodying the distilled reason of the ages. In deviating from this rule he erred.

The well-pleaded facts in the amended complaint show that, as a result of a conspiracy among the defendants, beginning in 1951 plaintiffs have been forced to bid competitively for first-run feature pictures with the Egyptian Drive-In Theater, located about 5 miles outside the city of Herrin, but that plaintiffs were refused an opportunity to bid competitively against their other competitors in the competitive trade area surrounding Herrin and including the cities of West Frankfort and Marion, in which Fox Midwest had theaters, both of which were in direct competition with plaintiffs' theaters. The amended complaint sets forth facts which tend to establish the existence of such a competitive trade area of plaintiffs' theaters.

The amended complaint sets forth as facts that the procedure and mechanics of the limited competitive bidding between plaintiffs and Egyptian Drive-In Theater are of such a nature as to require time and entail delay, and that such procedure is an unfair burden on plaintiffs; that, as a result of this practice of forcing plaintiffs to bid competitively against one competitor and allowing other competitors in the trade area to buy pictures without bidding, the Fox Midwest theaters are able to exhibit first-run pictures 2 weeks to 3 months prior to the time they are available to plaintiffs. This system is alleged to favor plaintiffs' competitors, granting them dominance in first-run pictures, with the intent to deprive plaintiffs of business.

It is charged that this system is a violation of the anti-trust laws; that it leaves free other competing theaters in the same trade area, this being a discrimination against plaintiffs and an unlawful restraint of trade in interstate commerce.

Unless there is pleaded and proved by defendants an affirmative defense which constitutes a bar to plaintiffs' cause of action, such as *res adjudicata*, release, or the statute of limitations, the court will be required to try and decide such issues as may by answer be raised by defendants' denial of the material allegations of the amended complaint.

---

5. Seward v. South Florida Securities, 5 Cir., 96 F.2d 964, at page 965. 31 C.J.S., Evidence, § 13, p. 519; 71 C.J.S., Pleading, § 256, pp. 494, 496.

It is clear that any dispute of fact as to the alleged existence of a competitive trade area, which includes plaintiffs' theaters and the Fox Midwest theaters in West Frankfort and Marion, cannot be resolved by way of a motion to dismiss the amended complaint. If this allegation of crucial fact is later denied by a proper pleading, the district court will be called upon to consider the evidence of the plaintiffs, some of which is reflected in the amended complaint, and the evidence of the defendants which is not now before either the district court or this court. In deciding that issue of fact, when it is presented to the district court, it will be necessary to determine from the evidence in what competitive trade area plaintiffs' theaters are located, whether the territorial limits of municipalities are controlling,[6] the freedom of interflow of passenger traffic, by private car or other means, between plaintiffs' theaters and those in other parts of the area said to be competitive in trade, the distances involved, and all other pertinent facts and circumstances.

While the district court, in dismissing the amended complaint, stated that he assumed as true that the practice complained of had resulted in loss to plaintiffs and had been to the advantage of the Fox Midwest theaters, and that interstate commerce had been affected, if an issue of fact in regard to these matters is properly raised by defendants, plaintiffs will be required to prove them.

▉ In view of the state of the record when the district court entered the order from which the present appeal (in case No. 11663) was taken, it is necessary for us to reverse the said order and remand the cause to the district court with instructions to overrule the motions to dismiss the amended complaint, and for further proceedings not inconsistent with the views herein expressed.

2. As to case No. 11664, it appears that on the same day (November 18, 1955) that notice of appeal (in case No. 11663) was filed, and prior to the filing of said notice, plaintiffs filed a motion for leave to file another amended complaint. It does not appear when this motion was presented to the judge of the district court. It does appear that on November 23, 1955 he denied such motion, and that, on December 6, 1955, a notice of appeal was filed from said order, which appeal is docketed in this court as No. 11664.

▉ At the time that the district court denied leave to file the second amended complaint, it was without jurisdiction to act, inasmuch as the case had already been appealed to this court by the filing of the first notice of appeal. In re Federal Facilities Realty Trust, 7 Cir., 227 F.2d 651, 653. Its order was void and it is reversed.

In No. 11663, order reversed and cause remanded to the district court with instructions to overrule the motions to dismiss the amended complaint and for further proceedings not inconsistent with the views herein expressed.

In No. 11664, order of the district court is reversed.

6. It is of some significance that in the present area in which plaintiffs and Egyptian Drive-In Theater are required to bid competitively, one plaintiff's theater lies within the city of Herrin and the other's lies outside.