**Betty GOLARIS**

v.

**JEWEL TEA CO., Inc., a corporation.**

**No. 57 C 1991.**

United States District Court
N. D. Illinois.
March 14, 1958.

Harvey H. Howard, Ernest H. Gager, Chicago, Ill., for plaintiff.

Hubbard, Hubbard & Dorgan, Chicago, for defendant.

JULIUS J. HOFFMAN, District Judge.

This is an action brought by the plaintiff, Betty Golaris, against the defendant, Jewel Tea Co., Inc., for breach of a warranty of fitness of certain food for human consumption. The case is before the court on the defendant's motion to strike the complaint for failure to state a claim upon which relief can be granted. The motion will be treated as a motion to dismiss the complaint under Rule 12(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A. Boerstler v. American Medical Association, D.C.N.D. Ill.1954, 16 F.R.D. 437.

The complaint alleges that on April 4, 1957, the plaintiff purchased a loin of pork from the defendant, who warranted that the food it sold was good, sound, healthful and wholesome food free from defects and fit for human consumption. The complaint further asserts that the meat was not in the condition warranted, and that the plaintiff became sick and infected with disease after cooking and eating the loin of pork. In a memorandum filed by the plaintiff in opposition to the motion to dismiss, it is admitted that the disease allegedly contracted by the plaintiff was trichinosis. Damages are sought in the sum of $25,000.

The defendant's motion to dismiss is based upon two contentions: first, it is claimed that the warrant as to the fitness of pork for human consumption which is recognized by Illinois law is that the pork will be wholesome and fit for human consumption after proper cooking, that is, after being cooked throughout to a degree of 137 degrees Fahrenheit, or to the point at which the meat loses all its pink coloration; second, it is claimed that the court should take judicial notice of the fact that pork which has been properly cooked can not cause trichinosis.

The plaintiff's opposition to the motion to dismiss rests upon the contention that the warranty applicable to a sale of pork is that the pork is fit for human consumption after ordinary domestic cooking, and

not only after "proper" cooking. Further, the plaintiff argues that the court should not take judicial notice of the merits of the case, inasmuch as a question of fact exists, to be determined by a jury, as to whether a piece of pork cooked for the length of time to which the plaintiff will testify the pork in question was cooked can still infect the consumer with trichinosis.

Two questions are thus presented by the *instant motion*: (1) what is the nature of the warranty which applies to the sale of pork by the defendant to the plaintiff? and (2) if the warranty is as the defendant asserts, should the court take judicial notice that if the pork was "properly" cooked the plaintiff could not have contracted trichinosis from eating the meat in question?

### 1. Illinois law on warranty of fitness as to pork.

■■ Inasmuch as federal jurisdiction in this case rests upon diversity of citizenship, the substantive law to be applied is that of Illinois. Two decisions of the Illinois Appellate Court have dealt directly with the question of the nature of an implied warranty of fitness of pork. In the earlier case, Zorger v. Hillman's, 1936, 287 Ill.App. 357, 4 N.E.2d 900, *petition for leave to appeal denied*, 287 Ill. App. xlviii, the court approved the trial judge's instruction that in order for the plaintiff to recover he must show that the meat was unfit for consumption after being cooked to 137 degrees Fahrenheit. The court stated that the requirement of wholesomeness set forth in the Illinois Pure Food Statute, Ill.Rev.Stat.1957, c. 56½, § 8 means that pork must be fit for food after proper cooking. It noted that the scientific facts concerning trichinae are such as to support the view that pork is not sold to be eaten raw. In a later case, Nicketta v. National Tea Company, 1949, 338 Ill.App. 159, 87 N.E.2d 30, the court, citing the Zorger decision, reiterated the position that the warranty

concerning pork was that it was fit for human consumption only after proper cooking.

In view of the Zorger and Nicketta cases, it must be held, as the defendant argues, that the warranty applicable to the pork sold to the plaintiff is that the meat was fit for consumption after proper cooking. Moreover, proper cooking means, under the Zorger case, cooking of the pork to a heat of 137 degrees Fahrenheit.

■ As the plaintiff contends, the Illinois rule seems to be unduly harsh. The warranty recognized in the cases relied upon by the plaintiff, requiring "ordinary domestic cooking" as opposed to "proper cooking" before the warranty applies, appears to be more nearly consonant with the state of common knowledge regarding pork. Implied warranties respecting food should be construed in the light of general public awareness as to the nature of the particular food in question. See Goodwin v. Country Club of Peoria, 1944, 323 Ill.App. 1, 54 N.E. 2d 612. However, as was noted in McSpedon v. Kunz, 1936, 271 N.Y. 131, 2 N.E.2d 513, 105 A.L.R. 1497, there are undoubtedly many people who do not know the precise degree of cooking required to destroy the parasites sometimes found in pork. Moreover, as was observed in Holt v. Mann, 1936, 294 Mass. 21, 200 N.E. 403, it is not easy for the domestic cook to be sure that all portions of a large piece of meat have been heated to so high as 137 degrees Fahrenheit.

■ The fact that this court prefers the McSpedon and Holt view to that of the Illinois courts, however, would not justify the application of the more liberal rule in the present case. A federal court in a diversity case must follow the decisions of intermediate appellate courts of the state in which it sits, in the absence of persuasive data that the highest court of the state would decide otherwise.

West v. American Telephone and Telegraph Co., 1940, 311 U.S. 223, 61 S.Ct. 179, 85 L.Ed. 139; Fidelity Union Trust Co. v. Field, 1940, 311 U.S. 169, 61 S.Ct. 176, 85 L.Ed. 109. No such data appear with respect to the warranty rule followed in the Zorger and Nicketta decisions. In the only case concerning warranties with respect to pork which has been considered by the Illinois Supreme Court, the question was not raised as to what, if any, degree of cooking was required to make a warranty effective. See Wiedeman v. Keller, 1897, 171 Ill. 93, 49 N.E. 210. Therefore, as was stated in West v. American Telephone and Telegraph Co., supra, if the present case were before the state court there is no reason to suppose that the appellate court would depart from its former ruling or that the highest state court would grant review, previously withheld in a similar action. See Zorger v. Hillman's, supra.

2. Judicial notice as to possibility of contracting trichinosis from properly cooked pork.

In light of the determination that under Illinois law the defendant warranted that the pork sold to the plaintiff was fit for human consumption only after proper cooking, the ultimate question is presented as to whether the complaint states a claim upon which relief can be granted. The defendant asserts that it does not, relying upon the fact that in Nicketta v. National Tea Company, supra, the Illinois Appellate Court affirmed the dismissal of a complaint alleging that the plaintiff had contracted trichinosis from eating pork which was "properly cooked" on the ground that the court would take judicial notice that one could not contract trichinosis from such pork.

▮ In considering whether the present complaint should be dismissed by way of judicial notice as used in the Nicketta case, it must be determined at the outset what role judicial notice may play on a motion to dismiss under the

Federal Rules of Civil Procedure. The doctrine of judicial notice is a rule of evidence, constituting a substitute for the conventional method of establishing facts; as such, it has at most a limited part in the determination of a motion to dismiss, which motion takes as admitted all well pleaded facts of the complaint. Grand Opera Co. v. Twentieth Century-Fox Film Corp., 7 Cir., 1956, 235 F.2d 303. It does play some part, however; thus it has long been recognized that the motion and its forerunner the demurrer do not accept as true facts alleged in a complaint which are contrary to facts of which the court will take judicial notice. Pearcy v. Stranahan, 1907, 205 U.S. 257, 27 S.Ct. 545, 51 L.Ed. 793; Jones v. United States, 1890, 137 U.S. 202, 11 S.Ct. 80, 34 L.Ed. 691; Ira S. Bushey & Sons, Inc., v. W. E. Hedger Transp. Corp., 2 Cir., 1948, 167 F.2d 9, certiorari denied, 1948, 335 U.S. 816, 69 S.Ct. 36, 93 L.Ed. 371; Cohen v. United States, 8 Cir., 1942, 129 F.2d 733, 736; Verde River Irrigation & Power Dist. v. Salt River Valley Water Users' Ass'n, 9 Cir., 1938, 94 F.2d 936. See also, Grand Opera Co. v. Twentieth Century-Fox Film Corp., 7 Cir., 1956, 235 F.2d 303, 307, in which the court stated that judicial notice should not be taken on a motion to dismiss "with the possible exception of facts of common knowledge which controvert averments set up in the amended complaint." The practical aspects of this principle are that further proceedings would be useless on an issue as to which the court would take judicial notice at the trial.

In the present case, the allegation that the plaintiff ate the meat purchased from the defendant after cooking it can mean only one of two things, that is, that the plaintiff either did or did not cook the pork properly. If the allegation means that the pork was *not* cooked properly, then the plaintiff can not recover, inasmuch as under Illinois law the defendant warranted that the pork was fit for con-

sumption only after proper cooking. If it means, on the other hand, that the pork was cooked properly, then the plaintiff can not recover of the fact may be judicially noticed that properly cooked pork can not cause trichinosis. In such event, it would be factually impossible for the plaintiff to have contracted trichinosis from the pork sold to her by the defendant. See Nicketta v. National Tea Company, supra.

■ Since judicial notice is a rule of evidence, Rule 43(a) of the Federal Rules of Civil Procedure applies thereto, directing that all evidence is admissible which is admissible under the rules of evidence applied in the courts of general jurisdiction of the state in which the federal court is sitting, or under the statutes of the United States or the rules of evidence heretofore applied by federal courts sitting as courts of equity. Therefore, if state law permits judicial notice, such law applies, although it will not operate to restrict a doctrine of judicial notice authorized by federal statute or prior federal equity rule. 5 Moore, Federal Practice § 43.09 (2d ed. 1951).

■ Under Illinois law the courts will take judicial notice of "scientific facts which have been well established by authoritative scientists and are generally accepted as irrefutable by living scientists." Nicketta v. National Tea Co., supra, 338 Ill.App. at page 162, 87 N.E.2d at page 31. This rule is approved, as well, in McCormick, Handbook on Evidence § 325 (1954). Under this principle, the court in the Nicketta case judicially noticed that properly cooked pork contains no live trichinae and thus can not cause trichinosis. The court reviewed a number of authoritative scientific papers and noted that in 1919 Ransom and Schwartz established that the thermal death point for trichinae is 131 degrees Fahrenheit, or, for official purposes, 137 degrees Fahrenheit. The court concluded that this fact was completely accepted in the scientific community and was scientifically irrefutable.

Papers published since the Nicketta decision continue to show that the discovery of Ransom and Schwartz is regarded as an established scientific fact. Federal regulations require that pork which is sold to be eaten without further cooking must be cooked throughout to a temperature of 137 degrees Fahrenheit before it is sold, and public health authorities urge that all pork be thoroughly cooked to eliminate all pink coloration before it is eaten. Thus, since 1919, it has been accepted as scientifically irrefutable that proper cooking eliminates the possibility that trichinosis can be contracted from eating pork. See: Brown, "Handling Pork to Prevent Trichinosis," J.Am.Diet.Ass'n, 802–806, Sept. 1956; Bundesen, "Control of Trichinosis as a Public Health Measure," 155 J.A.M.A. 1392–94; Wright, "Trichinosis," 155 J.A.M.A. 1394 et seq.; Reports contained in Proceedings of the First National Conference on Trichinosis, Chicago, Dec. 15, 1952, see especially papers by Link, Miller, VanDerwerker and Gould. Indeed, the plaintiff has not contested this fact, nor has she cited any sources which challenge it.

■ In light of the authorities reviewed by this court and those set forth in the Nicketta decision, the fact is judicially noticed as scientifically established that properly cooked pork can not cause trichinosis. The allegations of the complaint, therefore, do not set forth a claim upon which relief can be granted; the plaintiff is not entitled to relief under any possible construction of her averments.

The defendant's motion to strike the complaint, treated as a motion to dismiss, is *granted.*