Theodore W. **ROBINSON**, Plaintiff-Appellant,

v.

**MAMMOTH LIFE AND ACCIDENT INSURANCE COMPANY**, Defendant-Appellee.

No. 71-1209.

United States Court of Appeals, Seventh Circuit.

Dec. 1, 1971.

Rehearing Denied Feb. 7, 1972.

Theodore W. Robinson, Chicago, Ill., for plaintiff-appellant.

Leroy T. Vital, Rogers, Garnett, Harth, Vital & Stroger, Chicago, Ill., for defendant-appellee.

Before HASTINGS, Senior Circuit Judge, and KILEY and KERNER, Circuit Judges.

PER CURIAM.

The district court dismissed plaintiff Robinson's *pro se* diversity personal injury complaint on motion of defendant Mammoth Life and Accident Insurance Company. Robinson has appealed. We affirm.

The substance of Robinson's second amended complaint is that upon his employment as insurance salesman for

Mammoth he was assigned to an area in Chicago where he would be exposed to danger of aggravated robbery known—or which on investigation would have been known—to Mammoth but hidden from him; that Mammoth accordingly owed him a duty to inform him of the hidden danger; that it negligently failed to perform its duty; and that Mammoth's negligence proximately caused Robinson's injury from an aggravated robbery which he suffered while performing his work in a building at 1239 South Racine Avenue, in his area.

The district court decided that the complaint stated no claim upon which relief could be granted because it failed to "establish" a duty owed to Robinson by Mammoth. The reason for the decision is the court's finding sua sponte that the area in which Robinson was injured "as a matter of common knowledge" held danger that a salesman there would be robbed; that Robinson was charged with that common knowledge; and that Mammoth had no duty—as a matter of law—to warn Robinson of "a public danger that all ordinary and mature men should be aware of."

We agree with Robinson that under the liberal federal pleading Rule 8(a) a short and plain statement of his claim sufficed, and that on a motion to dismiss his complaint was to be construed favorably to him. Jung v. K. & D. Mining Co., 260 F.2d 607, 608 (7th Cir. 1958). However, our agreement with him does not compel us to agree that the district court erred in dismissing his complaint. We think the court did not err.

There is no merit in Robinson's contentions that the district court erred in deciding the case upon the "common knowledge" theory which was not asserted in Mammoth's motion to dismiss; and in not having an evidentiary basis for making the finding of "common knowledge." The court was not limited to the points urged in the motion, but could rest its decision on whatever lawful ground appeared from the complaint; and the court was not required to have evidence to support its finding of "common knowledge," Brown et al. v. Piper, 91 U.S. 37, 42, 23 L.Ed. 200 (1875); see Fox v. City of West Palm Beach, 383 F.2d 189, 194–195 (5th Cir. 1967). Furthermore, common knowledge "play[s] some part" in passing on a motion to dismiss where facts alleged "are contrary to facts of which the court will take judicial notice." Golaris v. Jewel Tea Co., 22 F.R.D. 16, 19 (D.C.1958); see Grand Opera Co. v. Twentieth Century-Fox Film Corp., 235 F.2d 303, 307 (7th Cir. 1956).

No showing is made by Robinson that the district court's "common knowledge" finding is erroneous. See Krause v. Peoria Housing Authority, 370 Ill. 356, 19 N.E.2d 193 (1939). "It is common knowledge that slum areas create fire hazards, increase the danger of epidemics and promote crime and juvenile delinquency." 19 N.E.2d at 200; see also 18 I.L.P. Evidence § 5 at 141 (1956). Robinson's argument that he did not live in the area is of no significance. He alleges that he worked in the area for ten weeks before he was robbed, so that if the danger of robbery was hidden from him at the start of his employment, we think the district court did not err in charging him with the common knowledge ten weeks after he began his work in the area.

We conclude that the district court did not err in its determination that Robinson's knowledge of the danger his work exposed him to, relieved Mammoth of the duty to inform him of the danger. It follows that the district court did not err in also deciding that Mammoth had no duty to promulgate safety rules for its salesmen, including Robinson, to protect him while working in the area.

In view of our conclusion, the Illinois cases concerned with the questions of proximate and intervening causes, e. g., Neering v. Illinois Central Railroad Co., 383 Ill. 366, 50 N.E.2d 497 (1943), are inapposite. They were cited by Robin-

son as "controlling" if the case were to be tried.

The judgment of the district court is affirmed.